J-S67025-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY CUNNINGHAM, | : | |
| | : | |
| Appellant | : | No. 566 WDA 2014 |

Appeal from the Judgment of Sentence March 17, 2014,
Court of Common Pleas, Erie County,
Criminal Division at No. CP-25-CR-0002290-2013

BEFORE:  DONOHUE, MUNDY and FITZGERALD*, JJ.

CONCURRING MEMORANDUM BY DONOHUE, J.:**FILED FEBRUARY 20, 2015**

I agree with the result reached by the Majority.  I write separately, however, because in reaching its decision, the Majority only determined that the issue raised by counsel in her **Anders** brief was wholly frivolous.  **See** Maj. at 5, 10.  Pursuant to **Anders v. California**, 386 U.S. 738 (1967), when faced with an adequate **Anders** brief, it is the duty of this Court to conduct an independent review of the record to determine whether there are any non-frivolous issues that counsel failed to raise on his or her client's behalf.  **See Anders**, 386 U.S. at 744 (stating that the court must conduct an independent review of the record to determine "whether the case is wholly frivolous").  Relevant Pennsylvania case law, including this Court's en banc decision in **Commonwealth v. Goodwin**, 928 A.2d 287 (Pa. Super. 2007) (en banc), states that **Anders** requires that this Court conduct an

_____

*Former Justice specially assigned to the Superior Court.

independent review of the record to discern if there are any additional, non-frivolous issues that counsel omitted. *See, e.g., Goodwin*, 928 A.2d at 292-93; *see also Commonwealth v. James*, 46 A.3d 776, 778 (Pa. Super. 2012) (en banc) (stating the history of the case, which included an unpublished memorandum decision by a three-judge panel of this Court wherein we denied counsel's request to withdraw pursuant to *Anders*, as the panel found an issue of arguable merit and remanded the case for the filing of an advocates brief); *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014) ("We now must conduct an independent review of the record to determine whether the issues identified by Harden in this appeal are, as counsel claims, wholly frivolous, or if there are any other meritorious issues present in this case.").[1]

I have conducted an independent review of the record and found no non-frivolous issues that *Anders* counsel failed to raise in her brief. I therefore agree with the Majority that we must affirm the judgment of sentence and grant counsel permission to withdraw.

Justice Fitzgerald joins this concurring memorandum.

---

[1] I note that the Majority cites *Harden* for the requirements that a proper *Anders* brief must contain, Maj. Mem. at 4, but ignores its holding that we must review the record to determine if there are **any** potentially meritorious issues.