**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Avis GOODWIN, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 2007.
Filed June 13, 2007.

---

Mark Cichowicz, Philadelphia, for appellant.

Samuel H. Ritterman, Assistant District Attorney, Philadelphia, for Commonwealth appellee.

BEFORE: JOYCE, STEVENS, TODD, KLEIN, BENDER, GANTMAN, McCAFFERY, PANELLA, and DANIELS, JJ.

OPINION BY BENDER, J.:

¶ 1 Avis Goodwin (Appellant) appeals from the judgment of sentence entered March 17, 2005, following his conviction at a bench trial of possession with intent to distribute heroin and knowing and intentional possession of marijuana for which he received a sentence of 1½ to 3 years' imprisonment followed by 3 years of supervised probation. Appellant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), with a separate petition seeking to withdraw as counsel. For the reasons that follow, we affirm the judgment of sentence and grant counsel's petition to withdraw.

¶ 2 After sentencing, Appellant filed a direct appeal to this Court and the Defender Association was appointed to represent him. On May 23, 2005, the trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b). In re-

sponse, a statement was filed by counsel providing that "[t]here are no non-frivolous matters that can be raised on appeal." *See* Statement of Matters Complained of on Appeal. Subsequently, the trial court issued an opinion indicating that in light of Appellant's statement of matters complained of on appeal and according to *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), and *Commonwealth v. West*, 868 A.2d 1267 (Pa.Super.2005), no issues were preserved for appeal. Therefore, the trial court suggested that Appellant's judgment of sentence should be affirmed.

¶ 3 On November 1, 2005, this Court received a petition to withdraw and an *Anders* brief. Because the brief did not comport with *Anders*, this Court entered a *per curiam* order on November 18, 2005, denying the motion to withdraw and directing either: (1) the re-filing of the motion and an *Anders* brief that fully complied with the requirements for withdrawal or (2) the filing of an advocate's brief. A revised petition to withdraw and an *Anders* brief were filed on November 23, 2005.

¶ 4 On August 17, 2006, this Court issued a memorandum decision, determining that we were constrained to follow the dictates of *Commonwealth v. Myers*, 897 A.2d 493 (Pa.Super.2006), noting that the *Myers* panel refused to "consider the propriety of the *Anders* brief ... filed on [the a]ppellant's behalf," *Myers*, 897 A.2d at 494, because the appellant's attorney failed to abide by Pa.R.A.P.1925(b), *i.e.*, the attorney filed a Rule 1925(b) statement that indicated there were no meritorious issues for review. Consequently, in our memorandum decision, we concluded that, because Appellant's attorney failed to file a substantive Rule 1925(b) statement, his application to withdraw had to be denied. As in *Myers*, we further directed that on

remand counsel was to file a "proper Pa. R.A.P.1925(b) statement" and that a supplemental opinion was to be filed by the trial court. We retained panel jurisdiction.

¶ 5 Then, on September 25, 2006, the Commonwealth filed an application requesting reargument *en banc*, asserting that Appellant's counsel's original Rule 1925(b) statement was proper in that he should not be required to raise issues he believes have no merit and that such a requirement compels him to violate his ethical duty to not raise frivolous claims. Appellant's attorney joined in the Commonwealth's application for *en banc* reargument, but in order to comply with this Court's directive in the memorandum decision, counsel also filed a revised Rule 1925(b) statement raising a sufficiency issue. The trial court filed a supplemental opinion reiterating its belief that all issues were waived under *Lord* and that the procedure utilized by this Court in *Myers* and followed in the instant case essentially allows an appellant to file a supplemental appeal a year after filing the first appeal that waived all issues. The trial court further suggested that the proper procedure would be to affirm the judgment of sentence without prejudice to Appellant to raise any issues in a collateral proceeding pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.

¶ 6 This Court granted reargument on October 17, 2006, and both Appellant and the Commonwealth were directed to file briefs that discuss the impact of *Myers* and *Commonwealth v. Flores*, 909 A.2d 387 (Pa.Super.2006), in addition to any issues previously addressed. Both parties have filed substituted briefs in which they question whether counsel, who seeks to withdraw representation pursuant to *Anders*, has filed an improper Rule 1925(b) statement, wherein the only statement made is that "there are no non-frivolous

matters that can be raised on appeal." Appellant's counsel additionally asserted that "[t]here were no non-frivolous sufficiency issues preserved for appeal." Appellant's counsel's substituted brief at 11.

¶ 7 In the substituted briefs, the parties contend that in the *Anders* context a Rule 1925(b) statement is restricted to the issue of whether there are any claims of merit to be raised on appeal. Accordingly, they argue that *Myers* and *Flores* require the defendant's counsel to raise issues that he or she believes are frivolous in contravention of the Rules of Professional Conduct, namely Rule 3.1 ("Meritorious Claims and Contentions") and Rule 3.3 ("Candor Toward the Tribunal").[1] Moreover, the Commonwealth asserts that "[u]nder *Anders* and *McClendon*, there is no need to 'preserve' other issues in a 1925(b) statement, because if the appellate court determines that there are issues of merit it may remand to allow a new 1925(b) statement to be submitted." Commonwealth's brief at 5.

¶ 8 To begin our discussion and as noted above, appointed counsel seeks to withdraw his representation pursuant to *Anders* and *McClendon*. When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super.2005).

> Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
>> (1) petition the court for leave to withdraw stating that, after making a

conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

*Commonwealth v. Miller*, 715 A.2d 1203 (Pa.Super.1998) (citation omitted).

*Rojas*, 874 A.2d at 639. Defense counsel's second petition to withdraw and his revised *Anders* brief reveal that he made a conscientious examination of the record and found the appeal to be frivolous. Thus, we conclude that defense counsel has met the first prong indicated above.

¶ 9 Defense counsel's *Anders* brief is also in compliance as it does not resemble a no-merit letter or *amicus curiae* brief, thereby meeting the second prong. The brief also has attached to it a copy of the letter defense counsel sent to Appellant indicating that defense counsel reviewed the record, found no issues of arguable merit, advised Appellant that he has the right to submit any additional comments or arguments, and advised Appellant that he has the right to retain new counsel in pursuit of his appeal or proceed *pro se*. *See* Letter from Jeffery P. Shender, Esq., to Appellant, 11/23/05. Therefore, it appears that defense counsel has met the third prong of the above test. We also

---

1. Rule 3.1 provides that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." Rule 3.3 provides that "[a] lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

note that no additional correspondence has been received from Appellant.

¶ 10 "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa.Super.2004). Counsel discussed a sufficiency of the evidence issue in his *Anders* brief that was examined by the panel of this Court that initially reviewed this matter. Counsel reiterated his sufficiency of the evidence discussion in the substituted brief submitted to the *en banc* panel after reargument was granted. And as noted previously, counsel also filed a revised Rule 1925(b) statement in accordance with our directive in the original memorandum decision, which was later withdrawn. Consequently, as a part of our duty to conduct an independent review of the entire case, we will address the sufficiency claim.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime be-

yond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Wright,* 846 A.2d 730, 736 (Pa.Super.2004) (quoting *Commonwealth v. Bullick,* 830 A.2d 998, 1000 (Pa.Super.2003)).

¶ 11 The facts gleaned from the testimony of Philadelphia Police Officer Brian Myers, a Narcotics Strike Force member, revealed that in the early afternoon of June 30, 2004, he was dressed in plain clothes and parked in an unmarked vehicle in the 2200 block of Kensington Avenue in the City of Philadelphia. He observed a man and a woman approach Appellant, who was standing in front of a "Chinese store." The officer saw the couple converse with Appellant, and hand him United States currency in exchange for blue packets taken from a blue object, identified by the officer as a bundle of heroin, which Appellant had removed from the front flap of his jeans. The couple left and were not apprehended, but Officer Myers called backup while he continued to observe Appellant briefly enter and exit another store. Appellant was then detained and from the zipper flap of Appellant's jeans the following items were recovered: a blue bundle containing 14 glassine packets stamped "666," each containing 14 milligrams of heroin each worth ten dollars, a ten dollar bill and a one dollar bill, plus four clear packets of marijuana.

> In order to uphold a conviction for possession of narcotics with the intent to deliver, the Commonwealth must prove beyond a reasonable doubt that the de-

fendant possessed a controlled substance and did so with the intent to deliver it. *Commonwealth v. Harper*, 416 Pa.Super. 608, 611 A.2d 1211 (1992). The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case. 611 A.2d at 1217. Factors which may be relevant in establishing that drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant. *Commonwealth v. Sherrell*, 414 Pa.Super. 477, 607 A.2d 767 (1992).

*Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa.Super.2000).

¶ 12 Here, Officer Myers saw Appellant and the couple exchange money for prepackaged packets that contained heroin. When Appellant was stopped he had additional packets of heroin in the front flap of his jeans and had no user paraphernalia on his person. Additionally, he possessed four packets of marijuana. This evidence was sufficient to sustain the verdict of guilty for both possession with intent to deliver of heroin and knowing and intentional possession of marijuana. Therefore, in light of the standard set forth above, we conclude that a challenge to the sufficiency of the evidence in this case would be frivolous. Additionally, we have conducted the independent review of the entire record as required by *Anders* and have not discerned any other potentially non-frivolous issues.

■ ¶ 13 This, however, does not conclude our decision here in that we must address what constitutes a proper Rule 1925(b) statement when a defendant's counsel seeks to withdraw pursuant to *Anders*. Argument on this matter was held on May 8, 2007. Coincidentally, on May 10, 2007, our Supreme Court issued an order amending Pa.R.A.P.1925, which has

great import on the specific issue before us. Although the amended rule does not become effective for 60 days, it certainly provides guidance to this Court and is in fact the method that we intended to utilize and now direct attorneys to follow when seeking permission to withdraw representation in *Anders* situations.

¶ 14 The pertinent part of the amended rule is found in subsection (c)4, which states:

(4) In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an *Anders/McClendon* brief in lieu of filing a Statement. If, upon review of the *Anders/McClendon* brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to 1925(a), or both. Upon remand, the trial court may, but is not required to replace appellant's counsel.

Pa.R.A.P.1925(c)(4) (amendment effective 60 days following adoption on May 10, 2007). The official note to subsection (c)(4) provides the following:

This paragraph clarifies the special expectations and duties of a criminal lawyer. Even lawyers seeking to withdraw pursuant to the procedures set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981) are obligated to comply with all rules, including the filing of a Statement. *See Commonwealth v. Myers*, 897 A.2d 493, 494–96 (Pa.Super.2006); *Commonwealth v. Ladamus*, 896 A.2d 592, 594 (Pa.Super.2006). However, because a lawyer will not file an *Anders/McClendon* brief without concluding that there are no

non-frivolous issues to raise on appeal, this amendment allows a lawyer to file, in lieu of a Statement, a representation that no errors have been raised because the lawyer is (or intends to be) seeking to withdraw under *Anders/McClendon*. At that point, the appellate court will reverse or remand for a supplemental Statement and/or opinion if it finds potentially non-frivolous issues during its constitutionally required review of the record.

Official Note to Subsection (c)(4) of Pa. R.A.P.1925 (2007).

¶ 15 Thus, pursuant to this newly promulgated rule, we conclude that Appellant's attorney's Rule 1925(b) statement indicating that "[t]here are no non-frivolous matters that can be raised on appeal," should be accepted in lieu of a concise statement of errors complained of on appeal. In effect, counsel's statement should be accepted as "a representation that no errors have been raised because the lawyer is ... seeking to withdraw under *Anders/McClendon*." *Id.* In fact, we do accept Appellant's attorney's statement as such and having concluded after our independent review that there are no non-frivolous issues that could be raised, Appellant's judgment of sentence is affirmed and counsel's petition to withdraw is granted.[2]

¶ 16 *Judgment of sentence affirmed. Petition to withdraw granted.*

¶ 17 Judge GANTMAN concurs in the result.

¶ 18 Judge DANIELS files a concurring opinion in which Judge STEVENS joins.

CONCURRING OPINION BY DANIELS, J.:

¶ 1 Both the intent of the recently proposed Amendment to Pa.R.A.P.1925 by the Supreme Court of Pennsylvania, and our resolution of the instant matter are in total consonance with the decision of the Supreme Court of the United States in *Smith v. Robbins,* 528 U.S. 259 120 S.Ct. 746, 145 L.Ed.2d 756 wherein it is held that it is not obligatory on the part of the States to strictly adhere to the *Anders* procedure, so long as some "prophylactic framework" is employed by the States to erect "safeguards" to protect the rights of prisoners seeking to secure post-conviction relief. Thus, the scope and breadth of the *Anders* decision, as it affects the procedures employed by individual States in protecting the rights of prisoners, is not exclusive under the *Smith v. Robbins* doctrine.

¶ 2 Consequently, the procedures employed by defendant's appellate counsel in the instant Appeal present an acceptable model, which may be followed by appellate defense counsel when involved in *Anders*-like situations in the future.

¶ 3 In all other aspects, I join in the cogent reasoning of the majority Opinion.

2. Due to our holding here, we recognize that to the extent that *Myers, Flores,* and any other cases do not comport with the procedures enacted in the new subsection of Rule 1925(c)(4) and as followed in this decision, they are overruled. *It is evident that the remand discussed in Myers is only proper if an appellate court's review reveals that an issue was discovered during the court's independent review that may have arguable merit.*