J. S08020/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                :               PENNSYLVANIA
                                :
               v.                    :
                                :
MICHAEL TODD TORAN, JR.,           :
                                :
              Appellant        :        No. 954 WDA 2015

Appeal from the Judgment of Sentence June 3, 2015
In the Court of Common Pleas of Erie County
Criminal Division No(s).: CP-25-CR-0000047-2014

BEFORE: STABILE, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:           **FILED FEBRUARY 25, 2016**

Appellant, Michael Todd Toran, appeals from the judgment of sentence entered in the Court of Common Pleas of Erie County on June 3, 2015, following his conviction one count each of robbery,[1] criminal conspiracy/robbery,[2] theft by unlawful taking,[3] receiving stolen property,[4] and two counts of recklessly endangering another person.[5] Appellant's counsel filed a petition to withdraw as counsel and brief pursuant to *Anders*

---

[1] 18 P.S. § 3701(a)(1)(ii).

[2] 18 P.S. § 903/3701(a)(1)(iv).

[3] 18 P.S. § 3921(a).

[4] 18 P.S. § 3925(a).

[5] 18 P.S. §2705.

*v. California*, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.3d 349 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

The relevant factual and procedural history is as follows. On October 5, 2013, Appellant robbed Lisa Gorton and Jodi Deickhoff at gunpoint at Barbato's Restaurant in Erie. On November 10, 2014, a jury convicted Appellant of the above charges. The trial court ordered that a pre-sentence investigation report be prepared. At Appellant's sentencing hearing, the Commonwealth informed the trial court that the sentencing guideline form in the presentence investigative report contained a typographical error identifying the robbery charge against Appellant as a second-degree felony, rather than a first-degree felony. On January 27, 2015, the court sentenced Appellant to an aggregate term of four to eight years' incarceration.[6]

On February 3, 2015, the Commonwealth filed a post-sentence motion to reconsider the sentence, asking the court to add a harsher penalty for a deadly weapons enhancement. The Commonwealth noted in its motion that the criminal information contained the correct statutory citation for first-degree robbery,[7] and the legal and factual basis for robbery charge, so that

---

[6] Appellant's convictions on the other charges merged with the robbery conviction for purposes of sentencing.

[7] 18 Pa.C.S. § 3701(a)(1)(ii).

Appellant had sufficient notice to prepare a defense. After a hearing, the trial court granted the Commonwealth's motion to reconsider sentence.

A second sentencing hearing took place on June 3, 2015. Following the hearing, the trial court sentenced Appellant to the mandatory minimum of ten to twenty years' incarceration for the robbery conviction, and a concurrent term of five to ten years' incarceration for the criminal conspiracy/robbery conviction.[8] Appellant timely appealed on June 12, 2015.

On June 16, 2015, the trial court directed Appellant to file a Rule 1925(b) statement within twenty-one (21) days. In response, Appellant's trial counsel filed a Statement of Intent to file an **Anders** brief in lieu of a Rule 1925(b) concise statement pursuant to Pa.R.A.P. 1925(c)(4),[9] asserting that there were no meritorious issues to raise on appeal. On August 10, 2015, the trial court ordered that, in light of counsel's Rule 1925(c)(4) statement, no Rule 1925(a) opinion was necessary. Subsequently, Appellant's appellate counsel filed a brief and petition to withdraw pursuant

---

[8] Appellant's convictions on the other charges merged with the robbery conviction for purposes of sentencing.

[9] Pa.R.A.P. 1925(c)(4) provides as follows:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an **Anders**/**McClendon** brief in lieu of filing a Statement.

Pa.R.A.P. 1925(c)(4).

to **Anders** and **Santiago**, **supra**. Appellant filed a response to Counsel's petition.

Before we address the merits of this appeal, we must determine whether counsel has followed the procedures for filing a brief and petition to withdraw pursuant to **Anders** and its progeny. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition to withdraw explaining that he or she made a conscientious examination of the record and determined that an appeal would be frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the **Anders** brief to the appellant and inform him of his right to proceed *pro se*,[10] retain different counsel, or assert issues not included in the **Anders** brief. In the instant matter, counsel complied with these procedural requirements.

Next, we consider counsel's brief, which must comport with the following:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguable supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or

---

[10] The record shows that Appellant did not retain alternate counsel for this appeal, but did file a *pro se* brief.

statutes on point that led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In her *Ander's* brief, counsel raises one issue: whether Appellant's sentence is manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the Sentencing Code, 42 Pa.C.S. § 9721(b), given the mitigating factors of his case. *Anders* Brief at 3, 5-6. This question in essence challenges the discretionary aspects of his sentence.

An appeal from the discretionary aspects of sentencing is not guaranteed as a matter of right. *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010). Pennsylvania Rule of Appellate Procedure 2119(f) requires that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence." Pa.R.A.P. 2119(f). In the instant case, the *Ander's* Brief contains a statement pursuant to Pa.R.A.P. 2119(f) immediately preceding the argument section of the brief.

In the Pa.R.A.P. 2119(f) statement, Appellant avers that the trial court abused its discretion in sentencing him to the mandatory minimum sentence "given the mitigating factors of the case." *Anders* Brief at 6. A claim that a sentencing court failed to consider mitigating factors does not raise a

substantial question that the sentence is inappropriate. *See Commonwealth v. Lewis*, 911 A.2d 558, 567 (Pa. Super. 2006). Thus, Appellant has failed to present a substantial question for our review. *See Mastromarino*, 2 A.3d at 585-86; *Lewis*, 911 A.2d at 567.

Moreover, even if the failure to consider mitigating factors did raise a substantial question that this Court could review, the record reveals that counsel did not present the trial court with any mitigating factors for consideration. Therefore, it is specious for Appellant to argue on appeal that the trial court erred in not considering mitigating factors. Accordingly, this issue is wholly frivolous.

In his *pro se* brief, Appellant sets forth mere allegations, without more, that his trial counsel violated the rules of professional conduct and provided ineffective assistance. Appellant further avers that his procedural due process rights were violated. Since Appellant has not supported his claims with any citations to the record or to controlling authority these claims must also fail. *See* Pa.R.A.P. 2119.

When a defense attorney files an *Anders* brief, the appellate court must conduct an independent review of the record to determine whether there any meritorious issues counsel could have been raised. *See Santiago*, 978 A.2d at 355 n.5. We have reviewed the record and concluded there are none. For the aforementioned reasons, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2016