J. S16035/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CHRISTOPHER DODD, :
:
Appellant : No. 1183 EDA 2015

Appeal from the Judgment of Sentence March 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013193-2013

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 03, 2016**

Appellant, Christopher Dodd, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his guilty plea to robbery. **See** 18 P.S. § 3701(a)(1)(ii). Appellant's counsel filed a Petition to Withdraw as Counsel and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

The relevant factual and procedural history is as follows. On October 22, 2012, Appellant robbed a man at leaving an ATM of $104 at knifepoint. On March 2, 2015, Appellant entered into a negotiated guilty plea to the charge of robbery. The trial court sentenced Appellant to the agreed-upon sentence of three to six years' incarceration.

During the guilty plea hearing, the trial court colloquied Appellant to ensure that he was knowingly, intelligently, and voluntarily pleading guilty. The trial court also ensured that Appellant understood that he was waiving his right to a trial. Appellant did not seek to withdraw his guilty plea at the hearing, nor did Appellant file a post-sentence motion to withdraw his guilty plea.

On March 31, 2015, although Appellant was represented by court-appointed counsel, he filed a *pro se* notice of appeal.[1] On May 1, 2015, the trial court ordered Appellant to submit a Pa.R.A.P. 1925(b) statement. On May 4, 2015, the trial court granted Appellant's trial counsel's motion to withdraw as counsel. The trial court appointed Appellant new counsel, and on August 19, 2015, Appellant's counsel filed a timely statement indicating she intended to file an **Anders** brief in lieu of a Rule 1925(b) statement pursuant to Pa.R.A.P. 1925(c)(4), asserting that there were no meritorious issues to raise on appeal. On November 18, 2015, counsel filed a brief and an application to withdraw as counsel pursuant to **Anders**, and **Santiago**, **supra**.

In her **Anders** brief, counsel raises one issue: are there any non-frivolous issues preserved for appeal? **Anders** Brief at 3.

---

[1] There is no notation on the trial court docket that the court forwarded Appellant's *pro se* notice of appeal to counsel as required by Pa.R.Crim.P. 576(A)(4). However, it is apparent from the subsequent procedural history that Appellant's trial and appellate counsel were aware that Appellant had filed the notice of appeal.

Before we address the merits of this appeal, we must determine whether counsel has followed the procedures for filing a brief and petition to withdraw pursuant to **Anders** and its progeny. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition to withdraw explaining that he or she made a conscientious examination of the record and determined that an appeal would be frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the **Anders** brief to the appellant and inform him of his right to proceed *pro se*, retain different counsel, or assert issues not included in the **Anders** brief.[2] In the instant matter, counsel complied with these procedural requirements.

Next, we consider counsel's brief, which must comport with the following:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

---

[2] Appellant has filed neither a *pro se* brief nor retained alternate counsel for this appeal. Thus, the **Anders** brief filed by counsel remains the only filing offered on Appellant's behalf.

In her **Anders** brief Appellant's counsel aptly notes that when a defendant enters a guilty plea, he gives up his right to appeal on the basis of any trial errors. This Court's review of the record indicates that Appellant knowingly entered his guilty plea. Appellant did not object to the voluntariness of his plea during the plea colloquy or file a motion to withdraw his guilty plea within ten days of sentencing. **See** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Accordingly, Appellant waived the opportunity to challenge entry of the plea. **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013).

When a defense attorney files an **Anders** brief, the appellate court must conduct an independent review of the record to determine whether there any meritorious issues counsel could have been raised. **See Santiago**, 978 A.2d at 355 n.5. We have reviewed the record and conclude there are none. For the aforementioned reasons, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2016