J. S16040/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee :
:
       v. :
:
JORGE ALDEA, :
:
          Appellant : No. 1443 EDA 2015

Appeal from the Judgment of Sentence April 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004660-2012
CP-51-CR-0004700-2012

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 04, 2016**

Appellant, Jorge Aldea, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his guilty plea to two counts of first-degree murder, one count of conspiracy, and two counts of firearms not to be carried without a license.[1] Appellant's counsel filed a Petition to Withdraw as Counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

The relevant factual and procedural history is as follows. On November 25, 2011, Louis Chevere was shot and killed on West

---

[1] 18 P.S. § 2502(a); 18 P.S. 903 § (c); 18 P.S. § 6106(a)(1) respectively.

Westmoreland Street in Philadelphia. Two eyewitnesses identified Appellant as the shooter from a photo array.

Appellant admitted to his girlfriend, Eliana Vasquez, that he had killed Chevere, and instructed her to go to police to provide them with misinformation as to who had committed the murder, and to find out who the potential witnesses were. Vazquez obtained several names of potential witnesses, including one Rosemary Fernandez-Rivera. Vazquez, Appellant, and Appellant's cousin, Raymond Soto, had several conversations concerning the elimination of potential eyewitnesses. Soto obtained a handgun, and he and Appellant recruited Shawn Poindexter to kill Fernandez-Rivera and make it look like a robbery. Trial Ct. Op., 6/24/15, at 3-5, citing N.T.

On January 23, 2012, Poindexter shot and killed Fernandez-Rivera while she was at work in a store on North Mutter Street in Philadelphia. Police determined from casings at the scene that the murder weapon had been a nine-millimeter handgun. *Id*. at 4.

On February 3, 2012, Appellant, Soto, Poindexter, and Vazquez were each arrested and charged with the above crimes. Appellant, represented by court-appointed counsel, decided to plead guilty.

Prior to the recitation of facts at the plea hearing, Appellant completed and signed two written guilty plea colloquies. The trial court conducted an extensive oral colloquy in accordance with Pa.R.Crim.P. 590. The court emphasized "the potential for the jury to impose the death penalty and the

consequences of entering into a guilty plea including Appellant's limited appellate rights." Trial Ct. Op., 06/24/15, at 7. Appellant informed the court that he alone decided to enter into a plea; no one had threatened him in order to get him to plead guilty. *Id*. Appellant admitted that he had killed Chevere, that he conspired to kill Fernandez-Rivera, and that on both occasions he had carried firearms without a license. The court accepted Appellant's pleas as knowing, intelligent, and voluntary. At no point did Appellant object during the plea colloquy. The trial court sentenced Appellant to, *inter alia*, two consecutive terms of life imprisonment without the possibility of parole for the murder convictions. At no point did Appellant file a post-trial motion to withdraw his pleas.

On May 7, 2015, Appellant filed a notice of appeal. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant's court-appointed counsel filed a timely statement indicating he intended to file an **Anders** brief in lieu of a Rule 1925(b) statement pursuant to Pa.R.A.P. 1925(c)(4), asserting that there were no meritorious issues to raise on appeal. On September 15, 2015, counsel filed a brief and an application to withdraw as counsel pursuant to **Anders**, and **Santiago**, **supra**.

In his **Anders** brief, counsel raised one issue: whether there is any reason that Appellant should not be permitted to withdraw his guilty plea and proceed to trial. **Anders** Brief at 3.

Before we address the merits of this appeal, we must determine whether counsel has followed the procedures for filing a brief and petition to withdraw pursuant to **Anders** and its progeny. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition to withdraw explaining that he or she made a conscientious examination of the record and determined that an appeal would be frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the **Anders** brief to the appellant and inform him of his right to proceed *pro se*, retain different counsel, or assert issues not included in the **Anders** brief.

The substance of the Anders brief must "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that led to the conclusion that the appeal is frivolous." **Santiago**, 978 A.2d at 361.

Counsel in the instant case has complied with the procedural and substantive requirements of **Anders** and **Santiago**.

When a defense attorney files an **Anders** brief, the appellate court must conduct an independent review of the record to determine whether

there are any meritorious issues counsel could have raised. *Santiago*, 978 A.2d at 355 n.5. We have reviewed the record here and conclude that there are no meritorious issues.

With respect to Appellant's argument that he should be permitted to withdraw his guilty plea and proceed to trial, our review indicates that Appellant did not object to the voluntariness of his plea during the plea colloquy, nor did Appellant file a motion to withdraw his guilty plea within ten days of sentencing. *See* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Pursuant to well-settled case law, this failure results in waiver. *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013). We, thus, decline to review Appellant's challenge to the validity of his plea.

Our review of the record indicates that there are no meritorious issues counsel could have raised. We, thus, affirm the judgment of sentence and grant counsel's motion to withdraw.

Judgment of sentence affirmed. Counsel's petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2016

- 5 -