J. S36042/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH BEATTY, | : | No. 659 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 26, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004022-2015

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JUNE 14, 2017**

Joseph Beatty appeals from the January 26, 2016 judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction in a bench trial of aggravated assault and terroristic threats.[1]  The trial court sentenced appellant to 4 years and 6 months to 12 years of incarceration, followed by 3 years of probation, on the aggravated assault conviction; and a concurrent 1 year of probation on the terroristic threats conviction.  Shawn K. Page, Esq., has filed an *Anders* brief,[2] without an accompanying petition, alleging that the appeal is frivolous

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and 2706(a)(1), respectively.

[2] *See Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009); *Commonwealth v. McClendon*, 495 434 A.2d 1185 (Pa. 1981).

and including a request to withdraw. Because the **Anders** brief is deficient, we deny counsel's request to withdraw and direct counsel to file either a compliant **Anders** brief or an advocate's brief.

The record reflects that appellant's convictions stemmed from an incident that occurred on February 26, 2015. That evening, the victim, who was then "Islamically [sic] married" to appellant, was speaking on the phone with a male friend when appellant became "irate saying this [is] his house, [the victim is] his wife, nobody's coming in here." (Notes of testimony, 11/18/15 at 6, 10, 11.) As the victim sat on a bed, appellant took the pillow off of the bed, got on top of the victim, placed the pillow over the victim's face, and called her "about a hundred and one bitches." (**Id.** at 12-13.) Appellant then began choking the victim with one hand and striking her with the other. (**Id.** at 13.) While he did so, appellant told the victim that "if he can't have [her], no one else will." (**Id.** at 35.) The victim testified that she believes that appellant also kicked her repeatedly, but that everything became a blur and that she was not certain as to whether she passed out, but that she does remember the police arriving, putting her in an ambulance, and taking her to the hospital. (**Id.** at 15-16.) The record reflects that at some point during this ordeal, the victim was able to call 911. (**Id.** at 29-30.)

At trial, the parties stipulated that the victim was "intubated, underwent a multitude of x-rays and CAT scans," and that her injuries

included "closed head trauma, facial lacerations and hemorrhaging, left maxillary/periorbital area," "upper jaw, face and eye swelling and hematoma, right mandibular and maxillary swelling and hematoma," and "left nasal bone fracture." (**Id.** at 63.) As a result of these injuries, the victim was hospitalized for five days. (**Id.**)

The record further reflects that following sentencing, appellant filed a timely motion for reconsideration of judgment of sentence. On February 9, 2016, the trial court denied the motion.

The trial court provided the remaining procedural history, as follows:

> [Appellant] filed a notice of appeal on February 29, 2016. On March 2, 2016, the court issued an order pursuant to Pa.R.A.P. 1925(b) ("1925(b) order" or "the order") directing [appellant] to file a Concise Statement of Errors Complained of on Appeal ("Statement") no later than twenty-one days from the order's date. On March 10, 2016, defense counsel filed a motion to withdraw as counsel with the trial court. Defense counsel was directed to file the motion with the Superior Court. On March 22, 2016, defense counsel filed a motion to withdraw with the Superior Court. On April 19, 2016, the Superior Court ordered the trial court to decide defense counsel's March 10[th] motion to withdraw as counsel without delay. On April 25, 2016, the trial court denied defense counsel's motion to withdraw as counsel. [Appellant] failed to file a Statement by March 23, 2016, pursuant to the court's March 2, 2016 order. Nor did [appellant] file a motion for extension of time during this period. To date, no such statement has been filed.

Trial court opinion, 6/30/16 at 1-2 (footnotes omitted).

The record further reflects that the trial court filed an opinion on June 30, 2016, wherein it concluded that appellant waived all issues on appeal for failure to comply with Pa.R.A.P. 1925(b). (*Id.* at 2.) On December 14, 2016, Attorney Page filed in this court an *Anders* brief, without an accompanying petition, wherein counsel states that, after a conscientious review of the record, he determined that an appeal is wholly frivolous. Counsel then raises the following issue for our review: "Were there any non-frivolous issues preserved for appeal?" (*Anders* brief at 2 (capitalization omitted).)

Preliminarily, we note that Pa.R.A.P. 1925(c)(4) provides that:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an *Anders*/*McClendon* brief in lieu of filing a Statement. If, upon review of the *Anders*/*McClendon* brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4). Here, after defense counsel filed a notice of appeal to this court and was then ordered by the trial court to file a Rule 1925(a) statement, defense counsel neither filed a Rule 1925(a) statement nor a notice of intent to file an *Anders*/*McClendon* brief. Rather, defense counsel filed a motion to withdraw as counsel which made no reference to *Anders*. In fact, the motion failed to provide a reason as to why counsel

sought to withdraw. The trial court's response to that motion was to order appellant to file the motion with this court. In turn, this court directed the trial court to decide the motion. The trial court denied the motion. Defense counsel then filed an **Anders** brief with this court. Although defense counsel's failure to file a notice of intent to file an **Anders** brief with the trial court was a procedural misstep, we will nevertheless review defense counsel's request to withdraw.

To withdraw under **Anders**, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa.Super. 2012), quoting **Santiago**, 978 A.2d at 361. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Finally, counsel must furnish a copy of the **Anders** brief to his client and "advise[] him of his right to retain new counsel, proceed **pro se** or raise any additional points that he deems worthy

of the court's attention, and attach [] to the **Anders** petition a copy of the letter sent to the client." **Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa.Super. 2010) (citation omitted). "[If] counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa.Super. 2007) (**en banc**) (quotation marks and quotation omitted).

Here, we conclude that Attorney Page's **Anders** brief fails to comply with the technical requirements related to withdrawal of his representation. First, counsel failed to file the requisite petition with his **Anders** brief averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Second, although counsel has provided a summary of the procedural history and facts of this case, he has failed to include any citation to the record. Third, counsel has not referred to anything in the record that arguably supports the appeal, but merely explains why he "believes that the [trial court] made an appropriate ruling" in finding appellant guilty, which was "based on [the trial court's] credibility determination." (**Anders** brief at 8.) Finally, although counsel furnished a copy of the brief to appellant and advised appellant of his right to retain new counsel or proceed **pro se**, counsel did not advise appellant of his right to

raise any additional issues that appellant deems worthy of this court's attention.

We, therefore, remand this case and direct counsel to file, within 30 days of the date of this memorandum, either an advocate's brief or a proper ***Anders*** brief and petition to withdraw. Thereafter, the Commonwealth shall have 30 days to respond. If counsel chooses to file a proper ***Anders*** and petition to withdraw, counsel's letter to appellant shall provide, among other items, notice of appellant's immediate right to raise additional points that appellant deems worthy of this court's attention. Appellant shall then have 30 days from receipt of the revised petition and brief to file a ***pro se*** brief or a brief by newly retained private counsel, if he so chooses. The Commonwealth will then have 30 days to file a responsive brief. The trial court is also ordered to supplement the certified record with the January 26, 2016 transcript of appellant's sentencing within 30 days of the date of this decision. The prothonotary of this court shall serve a copy of this memorandum on appellant.

Request to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

J. S36042/17

Date: 6/14/2017