J. S36042/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH BEATTY, | : | No. 659 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 26, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004022-2015

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 31, 2018**

Joseph Beatty appeals from the January 26, 2016 judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction in a bench trial of aggravated assault and terroristic threats.[1]  The trial court sentenced appellant to 4 years and 6 months to 12 years of incarceration, followed by 3 years of probation, on the aggravated assault conviction; and a concurrent 1 year of probation on the terroristic threats conviction.  Shawn K. Page, Esq., has filed an ***Anders*** brief,[2] with an accompanying petition, alleging that the appeal is frivolous

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and 2706(a)(1), respectively.

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009); ***Commonwealth v. McClendon***, 495 434 A.2d 1185 (Pa. 1981).

and including a request to withdraw. After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

We previously set forth the following:

> The record reflects that appellant's convictions stemmed from an incident that occurred on February 26, 2015. That evening, the victim, who was then "Islamically [sic] married" to appellant, was speaking on the phone with a male friend when appellant became "irate saying this [is] his house, [the victim is] his wife, nobody's coming in here." (Notes of testimony, 11/18/15 at 6, 10, 11.) As the victim sat on a bed, appellant took the pillow off of the bed, got on top of the victim, placed the pillow over the victim's face, and called her "about a hundred and one bitches." (*Id.* at 12-13.) Appellant then began choking the victim with one hand and striking her with the other. (*Id.* at 13.) While he did so, appellant told the victim that "if he can't have [her], no one else will." (*Id.* at 35.) The victim testified that she believes that appellant also kicked her repeatedly, but that everything became a blur and that she was not certain as to whether she passed out, but that she does remember the police arriving, putting her in an ambulance, and taking her to the hospital. (*Id.* at 15-16.) The record reflects that at some point during this ordeal, the victim was able to call 911. (*Id.* at 29-30.)
>
> At trial, the parties stipulated that the victim was "intubated, underwent a multitude of x-rays and CAT scans," and that her injuries included "closed head trauma, facial lacerations and hemorrhaging, left maxillary/periorbital area," "upper jaw, face and eye swelling and hematoma, right mandibular and maxillary swelling and hematoma," and "left nasal bone fracture." (*Id.* at 63.) As a result of these injuries, the victim was hospitalized for five days. (*Id.*)
>
> The record further reflects that following sentencing, appellant filed a timely motion for

reconsideration of judgment of sentence. On February 9, 2016, the trial court denied the motion.

The trial court provided the following procedural history, as follows:

> [Appellant] filed a notice of appeal on February 29, 2016. On March 2, 2016, the court issued an order pursuant to Pa.R.A.P. 1925(b) ("1925(b) order" or "the order") directing [appellant] to file a Concise Statement of Errors Complained of on Appeal ("Statement") no later than twenty-one days from the order's date. On March 10, 2016, defense counsel filed a motion to withdraw as counsel with the trial court. Defense counsel was directed to file the motion with the Superior Court. On March 22, 2016, defense counsel filed a motion to withdraw with the Superior Court. On April 19, 2016, the Superior Court ordered the trial court to decide defense counsel's March 10th motion to withdraw as counsel without delay. On April 25, 2016, the trial court denied defense counsel's motion to withdraw as counsel. [Appellant] failed to file a Statement by March 23, 2016, pursuant to the court's March 2, 2016 order. Nor did [appellant] file a motion for extension of time during this period. To date, no such statement has been filed.

Trial court opinion, 6/30/16 at 1-2 (footnotes omitted).

The record further reflects that the trial court filed an opinion on June 30, 2016, wherein it concluded that appellant waived all issues on appeal for failure to comply with Pa.R.A.P. 1925(b). (*Id.* at 2.) On December 14, 2016, Attorney Page filed in this court an *Anders* brief, without an accompanying petition, wherein counsel states that, after a

- 3 -

> conscientious review of the record, he determined that an appeal is wholly frivolous.

*Commonwealth v. Beatty*, No. 659 EDA 2016, unpublished memorandum at *2-4 (Pa.Super. filed June 14, 2017) (brackets in original).

Although Attorney Page never filed a notice of intent to file an *Anders* brief with the trial court,[3] we excused this procedural misstep and reviewed his request to withdraw. Our review revealed that Attorney Page's *Anders* brief failed to comply with the technical requirements related to withdrawal of representation. As such, we remanded with instructions. *See id.* In accordance with our remand instructions, on July 14, 2017, Attorney Page filed an *Anders* brief, together with a petition to withdraw. We will, therefore, review Attorney Page's July 14, 2017 request to withdraw.

To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for

---

[3] Pa.R.A.P. 1925(c)(4) provides that:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an *Anders*/*McClendon* brief in lieu of filing a Statement. If, upon review of the *Anders*/*McClendon* brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." *Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa.Super. 2012), quoting *Santiago*, 978 A.2d at 361. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. With respect to the briefing requirements, "[n]either *Anders* nor *McClendon* requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal." *Santiago*, 978 A.2d at 359, 360. Finally, counsel must furnish a copy of the *Anders* brief to his client and "advise[] him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention, and attach [] to the *Anders* petition a copy of the letter sent to the client." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) (citation omitted). "[If] counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of

the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa.Super. 2007) (***en banc***) (quotation marks and quotation omitted).

Here, counsel's ***Anders*** brief substantially complies with prevailing law. Attorney Page has provided a procedural and factual summary of the case with references to the record. (***Anders*** brief at 3-4.) Attorney Page refers to portions of the record that arguably support the appeal. (***Id.*** at unnumbered pages 8-9.) Attorney Page concludes that "after making a conscientious examination of the record[,] he has determined the appeal would be wholly frivolous" and includes his reasons for that determination. (***Id.***) Additionally, Attorney Page's correspondence to appellant provided appellant with a copy of the ***Anders*** brief and advised him of his right to either retain new counsel or to proceed ***pro se*** on appeal to raise any points he deems worthy of the court's attention. We note that our June 14, 2017 remand order provided appellant with 30 days to respond to Attorney Page's petition to withdraw and ***Anders*** brief. Appellant did not file a response.[4] As such, Attorney Page has substantially complied with the procedural requirements of ***Anders***. We, therefore, proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

---

[4] We also note that despite being granted two extensions of time to file its brief, the Commonwealth failed to file a brief by the second due date, which was November 27, 2017.

Counsel raises the following issue in the **Anders** brief: "Are there any non-frivolous issues preserved for appeal?" (**Id.** at 2.) Counsel then sets forth conflicting trial testimony elicited from the victim and appellant, including appellant's testimony in support of self-defense. (**Id.** at unnumbered pages 4-5, 9.) Counsel then concludes that the appeal is frivolous because the trial court, as fact-finder in appellant's waiver trial, had the duty to determine the credibility of the testimony and evidence presented at trial and, as such, resolved the conflicting testimony in the victim's favor. **See**, **e.g.**, **Commonwealth v. Talbert**, 129 A.3d 536, 544 (Pa.Super. 2013) (reiterating that the fact-finder passes upon the weight and credibility of witness testimony and is free to believe all, part, or none of the evidence). Although counsel advances no argument in the **Anders** brief with respect to this credibility issue, we reiterate that neither **Anders** nor **McClendon** requires counsel to set forth an argument; rather, **Anders** requires counsel to provide references to anything in the record that might arguably support the appeal. **Santiago**, 978 A.2d at 364. Counsel has done so. After carefully reviewing the trial transcript, we conclude that it supports counsel's assessment that because appellant's convictions resulted from the fact-finder's credibility determinations which were resolved against appellant, this appeal is wholly frivolous.

Finally, our independent review of the entire record reveals no additional non-frivolous claims. Therefore, we grant counsel's petition to withdraw and affirm appellant's January 26, 2016, judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/18