J. S04041/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TALIK JAQUEZ JAMISON, | : | No. 1398 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, July 31, 2017,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0004831-2016

BEFORE:  SHOGAN, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 28, 2018**

Talik Jaquez Jamison appeals from the July 31, 2017 judgment of sentence entered in the Court of Common Pleas of Lancaster County following his negotiated guilty plea to one count each of possession with intent to deliver ("PWID") (cocaine), possession of a controlled substance (marijuana), possession of drug paraphernalia, and criminal conspiracy (PWID (cocaine)).[1]  As part of the negotiated plea, appellant also pled guilty to one count of driving at an unsafe speed.[2]  The trial court sentenced appellant to an aggregate term of imprisonment of two-and-one-half to five years.  David Romano, Esq., of the Office of the Public Defender, has

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32); and 18 Pa.C.S.A. § 903(a)(1), respectively.

[2] 75 Pa.C.S.A. § 3361.

filed an **Anders** brief,[3] with an accompanying petition, alleging that the appeal is frivolous and including a request to withdraw. After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The record reflects that at approximately 9:00 p.m. on August 12, 2016, Officers Andrew Shaffer and J. Hatfield of the Lancaster City Bureau of Police observed a tan Lincoln Town Car travelling at a high rate of speed on Walnut Street in Lancaster. The officers stopped the vehicle and found appellant to be the operator. Officer Hatfield detected the odor of marijuana emanating from inside the vehicle. Officer Shaffer observed a box of sandwich baggies in the rear pocket of the passenger seat. When asked if there were any illegal drugs in the vehicle, appellant stated that there may be a small amount of marijuana in the car. (Police criminal complaint, affidavit of probable cause, 8/12/16 at 4; **see also** notes of testimony, 7/31/17 at 14.)

Officer Hatfield used his K9 partner Zoltan to conduct a drug sniff of the vehicle's exterior. Zoltan alerted to the exterior driver's side door. Officer Hatfield then placed the K9 inside the vehicle, and Zoltan alerted to the interior of the vehicle and refused to leave the driver's seat. The officers searched the vehicle and found approximately 30 grams of crack cocaine,

---

[3] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **Commonwealth v. McClendon**, 495 434 A.2d 1185 (Pa. 1981).

8 grams of marijuana, as well as sandwich baggies and a digital scale. Appellant was subsequently charged with the aforementioned crimes and thereafter entered a negotiated guilty plea. (**See id.**)

Following imposition of judgment of sentence, appellant filed a timely notice of appeal to this court. The trial court then ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of filing a Rule 1925(b) statement, appellant's counsel filed a statement of intent to file an **Anders**/**McClendon** brief in accordance with Pa.R.A.P. 1925(c)(4).

On November 22, 2017, Attorney Romano filed an application to withdraw and an **Anders** brief with this court. On November 28, 2017, the Commonwealth informed this court that it would not be filing an appellee's brief in response to Attorney Romano's **Anders** brief. On December 5, 2017, Attorney Romano filed an application to amend his **Anders** brief because Attorney Romano learned that he attempted to serve appellant at an incorrect address.[4] This court granted Attorney Romano's application to amend. On December 8, 2017, Attorney Romano filed a corrected **Anders** brief and a corrected application to withdraw.

To withdraw under **Anders**, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for

---

[4] Prior to our entry of the order granting Attorney Romano's application to amend, the Commonwealth informed this court that it would not file an appellee's brief in response to Attorney Romano's corrected **Anders** brief.

leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." ***Commonwealth v. Martuscelli***, 54 A.3d 940, 947 (Pa.Super. 2012), quoting ***Santiago***, 978 A.2d at 361. Second, counsel must file an ***Anders*** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. With respect to the briefing requirements, "[n]either ***Anders*** nor ***McClendon*** requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal." ***Santiago***, 978 A.2d at 359, 360. Finally, counsel must furnish a copy of the ***Anders*** brief to his client and "advise[] him of his right to retain new counsel, proceed ***pro se*** or raise any additional points that he deems worthy of the court's attention, and attach [] to the ***Anders*** petition a copy of the letter sent to the client." ***Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa.Super. 2010) (citation omitted). "[If] counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of

the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa.Super. 2007) (***en banc***) (quotation marks and quotation omitted).

Here, counsel's ***Anders*** brief substantially complies with prevailing law. Attorney Romano has provided a procedural summary of the case, albeit without references to the record. (***Anders*** brief at 6.) Attorney Romano does, however, include record references, as well as facts giving rise to the guilty plea, in his "analysis of arguable appellate issues." (***Id.*** at 8-10.) Attorney Romano refers to portions of the record that arguably support the appeal; specifically, potential issues regarding the voluntariness of the plea and the excessiveness of the sentence. (***Id***.) Attorney Romano concludes, however, that he "has located no arguable appellate issues while reviewing the record, and [] has concluded that the appeal is frivolous." (***Id.*** at 8.) Additionally, Attorney Romano's correspondence to appellant provided appellant with a copy of the ***Anders*** brief; informed appellant that "after a conscientious review of the record," counsel concluded that the "appeal is wholly frivolous;" and advised him of his right to either retain new counsel or to proceed ***pro se*** on appeal to raise

any points he deems meritorious.[5]  As such, Attorney Romano has substantially complied with the procedural requirements of **Anders**.  We, therefore, proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

Counsel raises the following issue in the **Anders** brief:  "Should appellate counsel be granted leave to withdraw as counsel because any appellate issues in the instant case are frivolous?"  (**Id.** at 5.)  Counsel then examines the voluntariness of the plea and the excessiveness of the sentence, but concludes that the appeal is frivolous because the record demonstrates that the plea was voluntary and the sentence was within the standard range of the sentencing guidelines.  Although counsel advances no argument in the **Anders** brief with respect to these potential issues, we reiterate that neither **Anders** nor **McClendon** requires counsel to set forth an argument; rather, **Anders** requires counsel to provide references to anything in the record that might arguably support the appeal.  **Santiago**, 978 A.2d at 364.  Counsel has done so.  After carefully reviewing the record in this case, we conclude that it supports counsel's assessment that the

---

[5] We note that Attorney Romano's correspondence to appellant contains a typographical error in that Attorney Romano refers to a "probation violation" in that letter.  (Corrected application for leave to withdraw as counsel, 12/12/17 at Exhibit 1.)  Despite this error, the correspondence advises appellant of his right to retain new counsel, proceed **pro se**, or raise any issues appellant deems meritorious.  (**Id.**)

appeal is frivolous because the record demonstrates that appellant's plea was voluntary and the sentence was not excessive.

Moreover, our independent review of the entire record reveals no additional non-frivolous claims.

Finally, we note that on February 23, 2018, which was 73 days after Attorney Romano filed his application to withdraw, accompanying **Anders** brief, and correspondence to appellant enclosing same and advising appellant of his rights, appellant filed with this court an application for relief wherein he requested permission to "file a brief," "get the format to do so," and "get a docket entry."  (**Pro se** application for relief, 2/23/18.)  We deny appellant's application for relief as untimely.

Judgment of sentence affirmed.  Petition to withdraw granted.  **Pro se** application for relief denied.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/28/2018