J-S08005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC J. GLOVER | |
| Appellant | No. 688 WDA 2015 |

Appeal from the Judgment of Sentence entered April 16, 2015
In the Court of Common Pleas of McKean County
Criminal Division at No: CP-42-CR-0000357-2014

BEFORE:  STABILE, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED MAY 13, 2016**

Appellant, Eric J. Glover, appeals from the judgment of sentence imposed on April 16, 2015 in the Court of Common Pleas of McKean County following his convictions of recklessly endangering another person ("REAP") and driving under the influence of alcohol ("DUI"), 18 Pa.C.S.A. § 2705 and 75 Pa.C.S.A. § 3802, respectively.[1]  His counsel has filed an ***Anders*** brief[2]

_____

[1] As defined in 18 Pa.C.S.A. § 2705, "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury."  In accordance with 75 Pa.C.S.A. § 3802(a)(1), "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."  Appellant also was convicted of a number of summary moving violations for which the trial court imposed fines and costs.

and a petition to withdraw pursuant to *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Following review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

In *Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court refined *Anders*, announcing:

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

In his brief, counsel summarized the procedural history and the facts of the case on pages 2 through 5 of his brief, including citations to the March 31, 2015 jury trial transcript, which we further condense as follows:

> Appellant was stopped by two Bradford Township police officers, each driving a marked police car, for driving the wrong way on the Route 219 expressway. Notes of Testimony, Trial, 3/31/15, at 11-14. When stopped by one of the officers,

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[2] In his petition to withdraw, counsel stated that he was filing an *Anders/McClendon* brief. *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981). However, the brief filed with this Court appropriately refers to *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), which requires that counsel state the reasons for concluding the appeal is frivolous, rather than comply with the standard set forth in *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), which was abrogated by *Santiago*.

Appellant rolled down the window of his pickup truck. The officer smelled a very strong odor of alcohol, which he ranked as an "eleven" on a scale of one to ten. *Id.* at 13-14. The officers asked Appellant to exit his vehicle. Appellant complied and nearly fell to the ground. *Id.* at 14-15. When told he had been traveling the wrong way on the expressway, Appellant told the officers he had missed his exit. *Id.* at 15, 25, 35. Testimony was presented by the officers concerning Appellant's lack of balance, slurred speech and bloodshot eyes, which in the officers' experience were indications of alcohol intoxication rather than intoxication due to medication. *Id.* at 17.

Dash-cam videos from the officers' vehicles were shown to the jury, showing one officer swerving to avoid being struck by Appellant's vehicle, making a U-turn to follow Appellant, and pulling in front of Appellant to stop his vehicle. *Id.* at 22-23, 40-41. That same officer also testified that Appellant refused to provide a blood sample. The officer explained he was unaware of any medication that could cause a strong odor of alcohol. *Id.* at 44-45.

A third officer arrived on the scene after receiving a call indicating that a motorist was driving the wrong way on the expressway in Foster Township. Upon arrival, the officer did not administer filed sobriety tests out of concern Appellant could be injured attempting those tests, due to his high degree of intoxication. *Id.* at 59. The officers testified that, based on their training, the signs of impairment displayed by Appellant were indicative of intoxication from alcohol rather than from medication. *Id.* at 27-28, 30-31, 67.

Appellant testified that he was taking an anti-seizure medication relating to his elevated blood sugars, as well as an anti-depressant and sleep medication. Although he was to take some of his medications in the morning and at night, but had not taken any on the night in question. He explained that his memory becomes impaired and he goes into a stupor-like state and "zones" out" when he fails to take his medications. He contended his behavior when stopped by the police resulted from his failure to take his medications. *Id.* at 74-77.

The case proceeded to trial on March 31, 2015, and the jury returned a verdict of guilty on both counts. On April 16, 2015, Appellant was sentenced to not fewer than 10 months nor

more than 20 months for REAP, with credit for time served of 118 days. He was sentenced to not fewer than 90 days nor more than six months for the DUI conviction, consecutive to the sentence for REAP.

Appellant filed a timely appeal on April 28, 2015. By order dated May 7, 2015, the trial court directed Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of filing a Rule 1925(b) statement, counsel filed a statement pursuant to Rule 1925(c)(4) indicating there were no non-frivolous issues that could be raised on appeal and that he intended to file an **Anders** brief and a motion to withdraw pursuant to **Santiago**.

Appellant's Brief at 2-7; **see also** Notes of Testimony, Trial, 3/31/15.[3]

In light of the procedural and factual summary provided, we find that counsel has satisfied the first requirement of **Anders** as refined by **Santiago**. He also has satisfied the second prong by exploring whether the evidence was sufficient to support the verdict, noting that the applicable standard is whether—viewing the evidence in the light most favorable to the Commonwealth as verdict winner—there was sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. Appellant's Brief at 3 (citing **Commonwealth v. Goodwin**, 928 A.2d 287 (Pa. Super. 2007)). Counsel has offered a summary of testimony and evidence offered that could arguably support a sufficiency of evidence challenge to the verdict. In particular, he referred to Appellant's testimony

_____

[3] To the extent the references to the notes of testimony differ from the references in Appellant's brief, those additions and minor discrepancies are the result of our independent review of the trial testimony.

concerning the medications he did not take on the evening of his arrest and the effects he experiences when he does not take them. "Therefore, it could be argued that the confusion and impairment reported by the police officers could have been caused by [A]ppellant being off his medications on the night in question." Appellant's Brief at 6. "Appellant also contends that his impairment was due to diabetic shock. Appellant testified that diabetic shock causes him to pass out." *Id.*

Counsel also has satisfied the third and fourth *Anders* requirements by setting forth his conclusion that the appeal is frivolous and the reasons supporting that conclusion. Counsel specifically refuted the explanations offered for Appellant's demeanor and actions. *Id.* Counsel also noted that Appellant's recognition of the implications of not taking his medication is further reflection of his negligence and culpability. *Id.* (citing 18 Pa.C.S.A. § 302(4)).[4]

We find counsel has satisfied the requirements for a petition to withdraw. He complied with the briefing requirements, as explained above. He also provided a letter to Appellant on August 21, 2015, advising

---

[4] 18 Pa.C.S.A. § 302(4) provides: "A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation."

Appellant of counsel's conclusion that the appeal was frivolous and advising Appellant of his right to retain substitute counsel or to proceed *pro se* to bring any attentional points to this Court's attention. Counsel also has served a copy of the petition to withdraw and the **Anders** brief on Appellant. We note that Appellant has not filed a response to the petition to withdraw.

After determining that counsel has satisfied the technical requirements of **Anders** and **Santiago,** it is incumbent upon this Court to "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers,** 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted). Having reviewed the record, we agree with counsel that Appellant's claims are frivolous. Further, our independent review reveals no other non-frivolous claims that Appellant could assert on appeal. Therefore, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2016

- 6 -