J. S30026/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL A. RIVERA, | : | No. 2497 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, August 7, 2015,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0000031-2015

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 24, 2016**

Michael Rivera appeals from the judgment of sentence entered by the Court of Common Pleas of Chester County on August 7, 2015, after he was found guilty in a waiver trial of resisting arrest.[1]

The record reflects that Attorney James Allen McMullen of the Chester County public defender's office initially represented appellant.  As a result of a conflict between Attorney McMullen and appellant, the trial court then appointed Attorney Edward J. Gallen to replace the public defender. Thereafter, appellant wished to proceed to trial ***pro se***.  Following a ***Grazier***[2] colloquy that immediately preceded trial on August 3, 2015, the

---

[1] 18 Pa.C.S.A. § 5104.

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

trial court directed Attorney Gallen to act as standby counsel while appellant tried his own case. Following appellant's August 3, 2015 waiver trial, during which appellant did act *pro se* and Attorney Gallen did act as standby counsel, the trial court found appellant guilty of resisting arrest.

On August 7, 2015, the trial court entered an order allowing appellant to proceed with any post-sentence motions or direct appeal *in forma pauperis*. On August 11, 2015, appellant filed a *pro se* notice of appeal to this court. On August 14, 2015, the trial court appointed Attorney Gallen to represent appellant, entered an order permitting appellant to proceed *in forma pauperis* in connection with his direct appeal, and ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On August 25, 2015, Attorney Gallen filed the Rule 1925(b) statement on appellant's behalf.

The record further reflects that on September 1, 2015, appellant filed a petition with the trial court requesting that Attorney Gallen be withdrawn from representing him. On September 4, 2015, appellant filed, *pro se*, his Rule 1925(b) statement. Attorney Gallen then requested, and was permitted, an enlargement of time to amend appellant's Rule 1925(b) statement. On October 7, 2015, Attorney Gallen filed the amended Rule 1925(b) statement on appellant's behalf. On October 22, 2015, the trial court entered an order appointing Attorney Albert Sardella to replace Attorney Gallen and represent appellant.

Attorney Sardella filed a brief with this court on appellant's behalf and raised the following issues:

I. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION OF RESISTING ARREST (18 PA. C.S.A. [§] 5104)[.]

II. THE GUILTY VERDICT AS TO RESISTING ARREST (18 PA. C.S.A. [§] 5104) WAS AGAINST THE GREAT WEIGHT OF EVIDENCE.

III. THE APPELLANT IS ENTITLED TO A NEW TRIAL AS THE COURT DEMONSTRATED ITS PREJUDICE AND [INABILITY] TO PRESIDE IMPARTIALLY BY STATING THE APPELLANT WAS ATTEMPTING TO DELAY HIS EXTRADITION[.]

IV. THE APPELLANT COMPLAINS THAT THE DISTRICT COURT ERRED IN FINDING THAT A PRIMA FACIE CASE WAS ESTABLISHED AT THE CONCLSUION [SIC] OF THE JANUARY 6, 2015, HEARING AS THE DISTRICT MAGISTRATE JUDGE WAS PREJUDICED AGAINST THE APPELLANT[.]

V. THE APPELLANT COMPLAINS THE COURT [ERRED] IN FINDING THAT A PRIMA FACIE CASE WAS ESTABLISHED AS TO THE CHARGES OF RESISITING [SIC] ARREST AND SIMPLE ASSAULT AS THE COMMONWEALTH OFFERED LITTLE OR NO EVIDENCE IN SUPPORT OF THE CHARGES, AND; THE APPELLANT'S DUE PROCESS WAS VIOLATED WHEN THE COURT PERMITTED THE ADDITION OF THE CHARGE OF POSSESSION OF AN INSTRUMENT OF CRIME PAST FORMAL ARRAIGNMENT[.]

VI. THE COURT ABUSED ITS DISCRETION WHEN IT FAILED TWICE TO ALLOW THE APPOINTED COUNSEL TO WITHDRAW DUE TO COUNSEL AND APPELLANT['S] FAILURE TO AGREE ON A TRIAL STRATEGY, AND; APPOINTED COUNSEL

> FAILED TO TEST [SIC] SUBJECT THE COMMONWEALTH'S CASE TO A MEANINGFUL ADVERSARIAL TEST, AND; APELLANT'S [SIC] COUNSEL FAILED TO PURSUE MERITED [SIC] CLAIMS[.]

Appellant's brief at 3.

In the brief, Attorney Sardella advanced legal arguments on behalf of appellant with respect to Issues 1 and 2. Beginning with Issue 3, however, Attorney Sardella appears to be submitting something akin to an **Anders** brief[3] because he sets forth some reasoning to support his conclusion that Issues 3 through 6 lack merit. Attorney Sardella has not complied with the requirements of **Anders**.[4]

---

[3] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[4] "When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010), citing **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (**en banc**) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

We, therefore, find that the brief submitted by Attorney Sardella denies appellant his very basic and important right to assistance of competent counsel. Consequently, we will not dispose of appellant's issues on the merits. Rather, we direct Attorney Sardella to file either a formal petition to withdraw and proper **Anders** brief or an advocate's brief within 30 days from the date this Memorandum is filed. If counsel chooses to file an **Anders** brief, he is further directed to supply appellant with a copy of said brief and petition to withdraw, together with a letter detailing appellant's rights.

Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016

---

(4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.***, quoting ***Santiago***, 978 A.2d at 361.