J-S49039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLEO JOSEPH METTS, | |
| Appellant | No. 3048 EDA 2015 |

Appeal from the Judgment of Sentence September 4, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008095-2013

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 20, 2016**

Appellant Cleo Joseph Metts appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County on September 4, 2015, following the imposition of sentence upon the revocation of his parole. Appellant's court-appointed counsel has filed a purported **Anders**[1] brief.  For the reasons discussed below, we remand and direct court-appointed counsel to file either a proper advocate's brief or a petition to withdraw and accompanying brief in accordance with **Anders**, and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009).

We summarize the relevant procedural background of this case as follows:  Appellant, who was represented by counsel, entered a negotiated

---

[1] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967).

*Former Justice specially assigned to the Superior Court.

guilty plea to burglary and conspiracy (to commit burglary).[2]   He was sentenced to an aggregate term of eight months to twenty-three months in prison, to be followed by one year of probation.

At some point, Appellant was placed on parole; however, on September 4, 2014, he failed to appear at a scheduled meeting with his parole officer.  Consequently, on October 9, 2014, the trial court issued a bench warrant for his arrest, and Appellant was apprehended on June 24, 2015.

Thereafter, Appellant appeared with court-appointed counsel for a Gagnon II hearing,[3] following which Appellant was found to be in violation of his parole, and it was revoked.  On September 4, 2015, the trial court sentenced Appellant, giving him his full back-time with immediate parole, to be followed by one year of probation.

This timely appeal followed.  The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and counsel filed a statement pursuant to Pa.R.A.P. 1925(c)(4) indicating his intent to file an **Anders** brief.  The trial court filed a brief Pa.R.A.P. 1925(a) opinion noting counsel's intent to file an **Anders** brief.

_____

[2] 18 Pa.C.S.A. §§ 3502(a)(2) and 903(c), respectively.
[3] **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756 (1973).

Thereafter, on March 18, 2016, Appellant's counsel filed in this Court a brief entitled "Brief of Appellant pursuant to *Anders v. California*." Therein, counsel presented the following sole issue: "Was the sentence imposed on [Appellant] harsh and excessive under the circumstances because the order for his immediate parole did not require immediate release from incarceration?" *Anders* Brief at 3. Counsel set forth the reasons supporting the issue but ultimately concluded the issue is frivolous. *See id.* at 7-8. However, despite arguing the frivolous nature of the issue, court-appointed counsel has not filed a petition to withdraw his representation.

In *Anders*, the U.S. Supreme Court discussed the obligation of appointed counsel to an indigent client during direct appeal with respect to crafting a balance between counsel's role as advocate and counsel's conclusion that any issue raised on direct appeal would be wholly frivolous. Thus, to withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements.

First, counsel must "petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." *Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa.Super. 2012) (quoting *Santiago*, 602 Pa. at 178, 978 A.2d at 361).

Second, counsel must file an *Anders* brief, in which counsel:

- 3 -

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his client and "advise[ ] him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention, and attach [ ] to the *Anders* petition a copy of the letter sent to the client." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) (citation omitted).

"[If] counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa.Super. 2007) (*en banc*) (quotation marks and quotation omitted).

Instantly, we conclude court-appointed counsel's representation falls short of that of an active advocate. Moreover, he has not complied with the technical requirements related to the withdrawal of his representation. For instance, he has not made any attempt to fulfill the first requirement pertaining to petitioning the court for leave to withdraw stating that after

making a conscientious examination of the record it has been determined that the appeal would be frivolous. *Martuscelli*, 54 A.3d at 947.

Moreover, as to the second requirement, with regard to his purported *Anders* brief, we note that, although counsel has provided a summary of the procedural history of this case, he has not included a single citation to the record. *Santiago*, 602 Pa. at 178, 978 A.2d at 361. It is further noteworthy that counsel indicates no transcripts exist, and accordingly, he filed a Pa.R.A.P. 1923 "Statement in Absence of Transcript." However, this Court has not been provided with a copy of this Statement.

Finally, as to the third requirement, there is no indication that counsel provided a copy of the *Anders*-styled brief to Appellant or advised him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. *Daniels*, 999 A.2d at 594.

Due to the deficiencies set forth *supra*, we remand this case and direct counsel to file, within 30 days of the date of this memorandum, either an advocate's brief or a proper petition to withdraw his representation, along with a proper *Anders/Santiago* brief. The Commonwealth shall have 30 days from the date that counsel files his brief in order to file a responsive brief, if necessary.

Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2016