J. S10020/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BYRON DESSISO, :
:
Appellant : No. 1096 EDA 2015

Appeal from the Judgment of Sentence February 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0003526-2010

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY DUBOW, J.: **FILED FEBRUARY 22, 2017**

Appellant, Byron Dessiso, appeals from the Judgment of Sentence entered following the revocation of his probation. Appellant's counsel filed an Application to Withdraw as Counsel and a Brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), stating that the appeal is wholly frivolous. After careful review, we grant counsel's request to withdraw, vacate Appellant's Judgment of Sentence in part, and affirm Appellant's Judgment of Sentence in part.

The facts, as gleaned from the certified record, are as follows. On March 7, 2010, police arrested Appellant after police recovered a loaded .22-caliber firearm from his jacket pocket. Following a bench trial, the trial court convicted Appellant of Persons Not to Possess Firearms, Carrying a Firearm

Without a License, and Carrying a Firearm in Public in Philadelphia.[1]  On August 13, 2010, the trial court sentenced Appellant to concurrent terms of six years' probation for two of the offenses, but imposed no penalty for Carrying a Firearm in Public in Philadelphia, 18 Pa.C.S. § 6108.

On February 27, 2015, Appellant entered two open guilty pleas on unrelated charges, which constituted probation violations.  The trial court, also sitting as the violation of probation ("VOP") court on the same day, found Appellant had violated his probation and revoked his probation.  The court resentenced Appellant to an aggregate term of 2½ to 5 years' incarceration, as follows: (1) 2½ to 5 years' incarceration for Persons Not to Possess Firearms; (2) a concurrent term of 2½ to 5 years' incarceration for Carrying a Firearm Without a License; and (3) a concurrent term of 2 to 4 years' incarceration for Carrying a Firearm in Public in Philadelphia.

Appellant filed a timely Notice of Appeal.  Appellant filed a statement pursuant to Pa.R.A.P. 1925 as ordered.[2]  On September 22, 2016, Appellant's counsel filed a Brief pursuant to **Anders** and **Santiago**, **supra**, which included a request to withdraw.

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in **Anders** and

---

[1]  18 Pa.C.S. § 6105; 18 Pa.C.S. § 6106; and 18 Pa.C.S. § 6108, respectively.

[2] The trial court did not file a Pa.R.A.P. 1925(a) Opinion.

its progeny. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that there are no meritorious issues to be raised on appeal. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the **Anders** Brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel. **Id**. **See also Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005).

The substance of the **Anders** brief must "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Santiago**, 978 A.2d at 361.

Once counsel has satisfied the above requirements, it is then this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. **See Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa.

Super. 2007) (*en banc*); **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

Counsel in the instant appeal has complied with the above requirements. We, thus proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

Our review of the record indicates that there is one issue of merit not raised by Appellant or his counsel in the **Anders** Brief. As the Commonwealth has noted, the VOP court "did not have authority to impose a new [VOP] sentence on the conviction for carrying a firearm on public property or public street in Philadelphia because it had originally imposed 'no further penalty' for that offense." Appellee's Brief at 9 (citing **Commonwealth v. Williams**, 997 A.2d 1205, 1208 (Pa. Super. 2010)).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Williams**, **supra** at 1208. "An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances." 42 Pa.C.S. § 706. However, "a probation revocation court does not have the authority to re-sentence an offender on a final guilt-

without-punishment sentence after the period for altering or modifying the sentence has expired." **Williams**, **supra** at 1209.

After reviewing the record and the relevant case law, we agree with the Commonwealth that the VOP court imposed an illegal sentence of 2 to 4 years' incarceration for Carrying a Firearm in Public in Philadelphia. Because the trial court had originally imposed a sentence of no further penalty for the violation, and the 30-day period for altering or modifying a sentence had elapsed, the VOP court was without authority to impose a term of incarceration for that conviction.

We also agree with the Commonwealth that correction by this Court will not disturb the trial court's overall sentencing scheme. **See** Appellee's Brief at 9-10. The VOP court sentenced Appellant to an aggregate term of 2½ to 5 years' incarceration, which included the improper concurrent term of 2 to 4 years' incarceration for Carrying a Firearm in Public in Philadelphia. Since vacating the concurrent illegal sentence would not change the length of Appellant's incarceration or disturb the trial court's overall sentencing scheme, we need not remand this case for resentencing. **See Commonwealth v. Thur**, 906 A.2d 552, 569-70 (Pa. Super. 2006).

Judgment of Sentence imposed for violation of 18 Pa.C.S. § 6108 vacated. Judgment of Sentence affirmed in all other respects. Application to Withdraw as Counsel granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017