J-S44028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ADOPTION OF J'L.M.O. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.H., NATURAL FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 565 WDA 2019 |

Appeal from the Decree Entered March 22, 2019
In the Court of Common Pleas of Erie County Orphans' Court at No(s):
133 of 2018

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED OCTOBER 29, 2019**

K.H. ("Father") appeals from the decree terminating his parental rights to J'L.M.O. ("Child"). Counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), but has not filed a petition to withdraw as counsel. We remand for counsel to file a petition to withdraw as counsel.

Before reviewing the merits of an appeal in which an ***Anders*** brief has been filed, we must first determine whether counsel has satisfied the requirements for withdrawing as counsel. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw"). To withdraw pursuant to ***Anders***, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*). Further, in the *Anders* brief, counsel seeking to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

We conclude that counsel has failed to comply with all of the above technical requirements. Counsel requested that this court adopt the *Anders* brief filed by prior counsel, a request that we granted. Counsel, however, failed to file a petition to withdraw *his* representation, even after being ordered by this Court to do so. *See* Order, No. 565 WDA 2019 (Pa.Super. filed Sept. 20, 2019) ("[C]ounsel must file his own application to withdraw within 14 days of the date of this Order.").

- 2 -

Counsel shall, within 14 days of the date of this Memorandum, file a petition to withdraw as counsel that complies with the requirements set forth above, or file an advocate's brief on behalf of Father.[1] Jurisdiction retained.

---

[1] The petition to withdraw as counsel filed by Elizabeth Walbridge., Esq., on June 6, 2019 is denied as moot. We have permitted Ms. Walbridge to withdraw as counsel following her August 2019 petition to withdraw. Patrick Kelley, Esq. is now counsel, and, if he believes this appeal to be frivolous, he must file a petition to withdraw on his own behalf.