J-S55028-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: ADOPTION OF L.L.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.H., NATURAL FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 766 WDA 2019 |

Appeal from the Decree Entered April 1, 2019
In the Court of Common Pleas of Warren County Orphans' Court at
No(s):  AN No. 2 of 2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          FILED NOVEMBER 22, 2019

J.H. ("Father") appeals from the decree entered on April 1, 2019, which terminated his parental rights to his approximately three-year-old son, L.L.B. ("Child"). Father's counsel has filed an Anders[1] brief and a petition to withdraw as counsel. Upon review, we grant counsel's petition to withdraw and affirm the decree.

Child was born in April 2016 to H.B. ("Mother") and Father. Although Father and Mother lived together for a short time, Mother never revealed her pregnancy to Father, whose paternity was not established until July 2018. On July 2, 2018, Mother brought Child to the emergency room for multiple

_____

*   Retired Senior Judge assigned to the Superior Court.

1 Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).

bruises. Ultimately, Mother admitted to physically abusing Child and is currently incarcerated as a result. Father is also currently serving an unrelated sentence for reckless endangerment and aggravated indecent assault of a victim under 16. Accordingly, Father is also a registered sex offender. His release date is uncertain because his minimum release date is January 2020 and his maximum release date is February 2027. Father began his sentence shortly before Child's birth and thus he has never met Child.

Shortly after Mother brought Child to the hospital, in July 2018, Warren County Children and Youth Services ("CYS") filed petitions for emergency protective custody of Child, dependency of Child, and for aggravated circumstances against Mother and Father. After a hearing on July 30, 2018, the trial court adjudicated Child dependent and found aggravating circumstances against both Mother and Father, pursuant to the definition set forth under 42 Pa.C.S.A. § 6302. The court supported its finding of aggravated circumstances by emphasizing that Mother was incarcerated for abusing Child and Father was incarcerated for aggravated indecent assault of a minor under 16 years old, resulting in his status as a registered sex offender. Further, Father had previously had his parental rights involuntarily terminated regarding another child. As a result of the aggravated circumstances finding, the court set Child's goal as adoption and ordered Mother and Father to have no contact with Child. The court also noted that Child had significant special needs and ordered such needs to be paramount in his foster placement. Mother did not appeal the trial court's dependency order but Father filed a

timely appeal. This Court affirmed the trial court's order in a memorandum opinion filed in March 2019. See In re L.B., 1296 WDA 2018 (Pa.Super. March 19, 2019).

On January 25, 2019, CYS filed the instant termination petition against both Mother and Father and the trial court held an evidentiary hearing regarding the petition on April 1, 2019. At the hearing, the court heard testimony regarding, inter alia, the progress Child had made in the care of his foster parents, who are an adoptive resource for Child. When Child first entered foster care, his delays required significant services. However, while in the care of his foster parents, Child's need for services completely abated. Following the hearing, the trial court entered the instant order terminating the parental rights of both Mother and Father. Specifically regarding Father, the trial court found that CYS established by clear and convincing evidence that grounds for the termination of his parental rights existed under 23 Pa.C.S.A. § 2511(a)(1), (2), (5), and (11), and that termination was proper under 23 Pa.C.S.A. § 2511(b).

Father filed a timely notice of appeal and Pa.R.A.P. 1925(b) statement.[2] The trial court issued a responsive Pa.R.A.P. 1925(a) opinion. Counsel for Father raises three issues in his Anders brief:

> 1. Did the Trial Court abuse its discretion in failing to afford [Father] any consideration in its analysis that [Mother]

_____

[2] Mother did not appeal from the instant termination of parental rights decree.

- 3 -

had intentionally and purposefully concealed the existence of the child from [Father][?]

2. Did the Trial Court abuse its discretion in not recognizing the [Mother's] concealment of [Child] precluded [Father], and any of his relatives, from any involvement in the life of [Child][?]

3. Does [Father] have any colorable meritorious claims in the instant appeal such that the appeal would not be frivolous and subject to Anders treatment[?]

Anders Br. at 6.

Before reviewing the merits of this appeal, we must first determine whether counsel has satisfied the requirements for withdrawing as counsel. See Commonwealth v. Goodwin, 928 A.2d 287, 290 (Pa.Super. 2007) (en banc) (stating that "[w]hen faced with a purported Anders brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw"). To withdraw pursuant to Anders, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

Commonwealth v. Cartrette, 83 A.3d 1030, 1032 (Pa.Super. 2013) (en banc). Further, in the Anders brief, counsel seeking to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that

> the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361. If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." Id. at 355, n.5 (citation omitted).

We conclude that counsel has complied with all of the above technical requirements. In his Anders brief, counsel has provided a summary of the procedural history and facts of the case. Further, counsel's brief identifies materials in the record that could arguably support the appeal, and includes counsel's assessment of why those issues are frivolous, with citations to relevant legal authority. In addition, counsel served Father a copy of the Anders brief and advised him of his right to proceed pro se or to retain a private attorney to raise any additional points he deemed worthy of this court's review. See Counsel's letter to Father, dated July 15, 2019. Father has not responded to counsel's petition to withdraw. As we find the technical requirements of Anders and Santiago are met, we will proceed to the issues on appeal.

When we review termination of parental rights cases, we "accept the findings of fact and credibility determinations of the trial court if they are supported by the record." In re T.S.M., 71 A.3d 251, 267 (Pa. 2013) (quoting

In re Adoption of S.P., 47 A.3d 817, 826 (Pa. 2012)). "If the factual findings have support in the record, we then determine if the trial court committed an error of law or abuse of discretion." In re Adoption of K.C., 199 A.3d 470, 473 (Pa.Super. 2018). We may reverse a trial court decision for an abuse of discretion "only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will." In re Adoption of S.P., 47 A.3d at 826.

Our Supreme Court has explained the reasons for applying an abuse of discretion standard of review in termination of parental rights cases:

> [U]nlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion.

Id. at 826-27 (citations omitted).

A party seeking to terminate parental rights has the burden of establishing grounds for termination by clear and convincing evidence. In re Adoption of K.C., 199 A.3d at 473. Clear and convincing evidence means evidence "that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of

the precise facts in issue." Id. (quoting In re Z.S.W., 946 A.2d 726, 728-29 (Pa.Super. 2008)).

Termination of parental rights is controlled by Section 2511 of the Adoption Act. In re L.M., 923 A.2d 505, 511 (Pa.Super. 2007). Under section 2511, the trial court must engage in a bifurcated analysis prior to terminating parental rights:

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

Id. (citations omitted).

In the instant case, Father does not present a specific argument regarding the sufficiency of the evidence supporting the trial court's determination that termination of Father's parental rights was warranted under either Section 2511(a) or (b). Instead, in his first two issues on appeal, Father argues that Mother's failure to inform him about his paternity hampered his, and his family's, ability to bond with Child. Father avers that the trial court should have considered this factor when engaging in a Section 2511 analysis, especially in regards to a review of Child's best interests. The

crux of Father's argument lies in his contention that under a best interest of the child analysis, as is required under Section 2511(b), the trial court erred by failing to consider that Child will never have the opportunity to know Father, or his family, due to Mother's failure to inform Father of his paternity in a timely manner. We decline to agree.

First, Father fails to acknowledge that the conditions that led the trial court to find that aggravating circumstances should preclude contact between Father and Child, and by extension Father's relatives, arose prior to Child's birth. Father, via his own criminal conduct involving, inter alia, the sexual assault of a minor, was incarcerated prior to Child's birth. Moreover, even prior to his incarceration, when Father had the ability to engage fully as a parent, the trial court determined that sufficient grounds supported the termination of Father's parental rights to another child. Accordingly, we conclude that Father's argument that the trial court abused its discretion by failing to consider Father's delayed knowledge of his paternity is factually inapposite because aggravated circumstances supported the barring of contact between Father and Child, even before Child's birth.

Further, in regards to Child's best interests, Father does not address Child's tremendous progress under the care of his foster parents, who are an adoptive resource for Child. Nor does Father explain how the removal of Child from his foster parents, to instead potentially place Child with paternal relatives he has never met, let alone bonded with, would advance Child's best

interests under a Section 2511(b) analysis. See *In re L.M.*, 923 A.2d at 511. Accordingly, we conclude that Father's issues on appeal are devoid of merit.

In the third issue presented in counsel's Anders brief, counsel maintains that Father's issues are frivolous because Father's previous criminal conduct and resulting incarceration and his lack of any bond with Child, make it impossible for him to "legally and practically" assume a parental role in Child's life regardless of when he learned he was Child's natural Father. See Anders Br. at 13. We agree with counsel that the issues raised in counsel's Anders brief are wholly frivolous. Moreover, after an independent review of the record, we conclude that no other non-frivolous issue exists. Therefore, we grant counsel's petition to withdraw and affirm the decree terminating Father's parental rights.

Petition to withdraw as counsel granted. Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2019