J. S31044/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES LEE TRUITT, | : | No. 1773 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered March 28, 2018,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0002601-2016

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:        **FILED AUGUST 25, 2020**

James Lee Truitt appeals from the March 28, 2018 judgment of sentence entered by the Court of Common Pleas of Lancaster County following his conviction of one count of aggravated assault.[1]  After careful review, we remand with instructions.

Appellant entered a guilty plea to one count of aggravated assault on June 13, 2017, and was admitted into the Mental Health Treatment Court that same day.  (Notes of testimony, 6/13/17 at 5-6, 20.)  Appellant was ultimately discharged from the treatment court for violating the terms of the program.  (Notes of testimony, 1/3/18 at 3.)  The trial court sentenced appellant to a

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

term of three to six years' imprisonment, with credit for time served on March 28, 2018.

Appellant filed a timely post-sentence motion on April 5, 2018, which the trial court denied on July 24, 2018. Appellant did not seek direct appellate review of his judgment of sentence.

On March 21, 2019, appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA").[2] The PCRA court appointed counsel, and counsel filed an amended PCRA petition on June 24, 2019. On September 24, 2019, the PCRA court granted appellant's PCRA petition and reinstated his rights to file a direct appeal *nunc pro tunc*.

Appellant filed a timely notice of appeal on October 24, 2019. The trial court subsequently ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant's counsel, Randall L. Miller, Esq., filed a statement pursuant to Pa.R.A.P. 1925(c)(4), wherein he indicated that he intended to request permission to withdraw, as he determined that there were no non-frivolous issues to raise on appellant's behalf.

On March 19, 2020, Daniel C. Bardo, Esq., appeared to file an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). (*See* appellant's brief at 13 (concluding that "any appellate issues are frivolous").)

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

Attorney Bardo, however, has failed to file a contemporaneous petition to withdraw as counsel as required. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (citation omitted) ("When faced with a purported *Anders* brief, this Court may not review merits of any possible underlying issues without first examining counsel's request to withdraw."); *Commonwealth v. Wrecks*, 931 A.2d 717, 720 (Pa.Super. 2007) ("Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous."). Appellant's counsel has also failed to file the required notice letter addressed to appellant explaining appellant's rights under *Anders* and enclosing copies of the *Anders* brief and petition to withdraw as counsel. The notice letter is used by counsel to advise appellant of the rights associated with the *Anders* process to this court. *See Commonwealth v. Woods*, 939 A.2d 896, 900 (Pa.Super. 2007), citing *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa.Super. 2005).

Accordingly, we remand this case so that appellant's counsel may either comply with the dictates of *Anders* and its progeny or file an advocate's brief on the merits. Counsel shall have 30 days from entry of this judgment order to comply. In the event counsel complies with the procedural mandates of *Anders*, appellant may respond within 45 days of receipt of counsel's *Anders* brief and accompanying petition and letter. In the event counsel files an

advocate's brief on the merits, the Commonwealth shall have 30 days thereafter to file a response.

Case remanded. Jurisdiction retained.