J-A07021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF: M.S.-L., A MINOR

APPEAL OF: R.L., FATHER

: IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
:
:
:
:
:
: No. 2348 EDA 2022

Appeal from the Order Entered August 16, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0001249-2020

IN THE INTEREST OF: M.S.-L., A MINOR

APPEAL OF: R.L., FATHER

: IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
:
:
:
:
:
: No. 2349 EDA 2022

Appeal from the Decree Entered August 16, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000080-2022

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 23, 2023**

R.L. ("Father") appeals from the decree terminating his parental rights

as to his minor child, M.S.-L. ("Child"), as well as from the order changing the

goal to adoption. Father's counsel has filed an ***Anders***[1] brief and a motion to

---

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***see also In re V.E.***, 611 A.2d
1267, 1275 (Pa.Super. 1992) (holding ***Anders*** protections apply to appeals
of involuntary termination of parental rights).

withdraw as counsel. Upon review, we grant counsel's motion to withdraw, affirm the termination decree, and dismiss the appeal from the goal-change order as moot.

Child was born in September 2020. Less than two months later, he was placed in the legal custody of the Philadelphia Department of Human Services ("DHS") due to his mother's non-compliance with mental health treatment and medication management.[2] N.T., 7/20/22, at 10-11; Shelter Care Order, 11/23/20. Child's mother was also transient and lacked housing. N.T., 7/20/22, at 11. Father was 16 years old at that time and was not involved in Child's care. **See** Dependency Petition, 12/3/20, at ¶ 5(x). Child was adjudicated dependent in March 2021. **See** Order of Adjudication and Disposition, 3/16/21. Child has been in care continuously since November 2020. N.T., 7/20/22, at 61. Child's current foster home is a pre-adoptive home. **Id.** at 39.

On February 8, 2022, DHS filed a petition for involuntary termination of Father's parental rights. A hearing on the petition was held on July 20, 2022 and August 16, 2022. Although Father was served with notice of the hearing, he did not appear on either date. **Id.** at 2, 8-9; N.T., 8/16/22, at 2.

At the termination hearing, DHS presented the testimony of its caseworker, Edward McNichol. McNichol testified that Father's goals were to complete parenting classes and a father's initiative program at the Achieving

---

[2] Child's mother is not involved in this appeal.

Reunification Center ("ARC"), as well as supervised visitation with Child. N.T., 7/20/22, at 59, 74. McNichol rated Father's compliance with his case plan objectives as "[n]one." *Id.* at 63. He testified that Father's referral to ARC was closed out due to Father's non-compliance. *Id.* at 61-62. McNichol was also unaware of Father's current whereabouts and did not know whether Father was employed. *Id.* at 62. McNichol additionally stated that Father had failed to stay in contact with DHS. *Id.* at 62-63; N.T., 8/16/22, at 30.

McNichol further testified that Father had visited Child at the agency "less than a dozen" times and had never progressed to unsupervised visits. N.T., 7/20/22, at 60-61. At the time of the termination hearing, Father had not visited Child in over four months. *Id.* at 74; N.T., 8/16/22, at 28.

McNichol also testified that there is not a parent/child bond between Child and Father, and he believed Child would suffer no irreparable harm if Father's parental rights were terminated. N.T., 7/20/22, at 63. He stated that Child has a very strong bond with his foster parents and is happy and thriving in their home. *Id.* at 38, 42-43. Child calls his foster mother "Mom-mom" and looks to his foster parents for his daily needs and medical appointments. *Id.* at 43-44.

Child's maternal cousin, M.B., testified that Child has been in her care since December 2021. N.T., 8/16/22, at 21. She stated that Father has never visited Child at her home since he was placed with her. *Id.* at 22, 26. M.B. testified that Child has no relationship with Father and would not be upset if he did not have contact with Father. *Id.* at 26.

At the conclusion of the hearing, the court terminated Father's parental rights. *Id.* at 45. This appeal followed.

Counsel's *Anders* brief identifies two issues:

1. Whether the trial court abused its discretion and erred as a matter of law in terminating [Father's] parental rights under 23 Pa.C.S.A. [§] 2511(a) and (b) because the decision was not supported by competent evidence[?]

2. Whether the trial court abused its discretion and erred as a matter of law in changing the permanency goal to adoption because the decision was not supported by competent evidence[?]

*Anders* Br. at 8.

Before we consider whether the appeal is frivolous, we must first determine whether counsel has satisfied the necessary requirements for withdrawing as counsel. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw"). To withdraw pursuant to *Anders*, counsel must: 1) "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous;" 2) furnish a copy of the brief to the client; and 3) advise the client that he or she has the right to retain other counsel or proceed *pro se*. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

Further, in the *Anders* brief, counsel seeking to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). If counsel meets all the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 355 n.5 (quoting *Commonwealth v. McClendon*, 434 A.2d 1185, 1187 (Pa. 1981)).

Here, we find that counsel has complied with the above technical requirements. In his *Anders* brief, counsel has provided a summary of the procedural and factual history of the case with citations to the record. Further, counsel's brief identifies two issues that could arguably support the appeal, as well as counsel's assessment of why the appeal is frivolous, with citations to the record. Additionally, counsel served Father with a copy of the *Anders* brief and advised him of his right to proceed *pro se* or to retain a private attorney to raise any additional points he deemed worthy of this Court's review. Motion to Withdraw, 11/14/22, at ¶ 7, Ex. A. Father has not responded to counsel's petition to withdraw. As counsel has met the technical requirements of *Anders* and *Santiago*, we will proceed to the issues counsel has identified.

The first issue raised in counsel's ***Anders*** brief challenges the sufficiency of the evidence supporting termination of Father's parental rights under 23 Pa.C.S.A. § 2511(a) and (b).

We review an order involuntarily terminating parental rights for an abuse of discretion. ***In re G.M.S.***, 193 A.3d 395, 399 (Pa.Super. 2018). In termination cases, we "accept the findings of fact and credibility determinations of the trial court if they are supported by the record." ***In re T.S.M.***, 71 A.3d 251, 267 (Pa. 2013) (quoting ***In re Adoption of S.P.***, 47 A.3d 817, 826 (Pa. 2012)). "If the factual findings have support in the record, we then determine if the trial court committed an error of law or abuse of discretion." ***In re Adoption of K.C.***, 199 A.3d 470, 473 (Pa.Super. 2018). We will reverse a termination order "only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will." ***In re Adoption of S.P.***, 47 A.3d at 826.

A party seeking to terminate parental rights has the burden of establishing grounds for termination by clear and convincing evidence. ***In re Adoption of K.C.***, 199 A.3d at 473. Clear and convincing evidence means evidence "that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue." ***Id.*** (citation omitted).

Termination of parental rights is controlled by section 2511 of the Adoption Act***. In re L.M.***, 923 A.2d 505, 511 (Pa.Super. 2007). Under this

provision, the trial court must engage in a bifurcated analysis prior to terminating parental rights:

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*Id.* (citations omitted). To affirm the termination of parental rights, this Court need only affirm the trial court's decision as to any one subsection of section 2511(a). *In re B.L.W.*, 843 A.2d 380, 384 (Pa.Super. 2004) (*en banc*).

Instantly, the court found termination proper under subsections 2511(a)(1), (2), (5), and (8), as well as under section 2511(b). *See* Trial Court Opinion, 10/14/22, at 2. As only one basis for termination under 2511(a) is necessary, we will focus on the court's termination of Father's parental rights under subsection 2511(a)(1). That subsection provides that a parent's rights to a child may be terminated if:

> [t]he parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

23 Pa.C.S.A. § 2511(a)(1).

Pursuant to subsection 2511(a)(1), "the moving party must produce clear and convincing evidence of conduct, sustained for at least the six months prior to the filing of the termination petition, which reveals a settled intent to relinquish parental claim to a child or a refusal or failure to perform parental duties." *In re Z.S.W.*, 946 A.2d 726, 730 (Pa.Super. 2008). A parental obligation is a "positive duty which requires affirmative performance" and "cannot be met by a merely passive interest in the development of the child." *In re C.M.S.*, 832 A.2d 457, 462 (Pa.Super. 2003) (citation omitted). Indeed,

> [p]arental duty requires that the parent act affirmatively with good faith interest and effort, and not yield to every problem, in order to maintain the parent-child relationship to the best of his or her ability, even in difficult circumstances. A parent must utilize all available resources to preserve the parental relationship, and must exercise reasonable firmness in resisting obstacles placed in the path of maintaining the parent-child relationship. Parental rights are not preserved by waiting for a more suitable or convenient time to perform one's parental responsibilities while others provide the child with his or her physical and emotional needs.

*In re B.,N.M.*, 856 A.2d 847, 855 (Pa.Super. 2004) (citations omitted).

Here, the trial court found that Father had made no efforts to perform any parental duties since the time Child was placed in foster care in November 2020. The evidence was that Father has never been involved in the care of Child since he was born. Except for less than a dozen supervised visits with Child, Father has done entirely nothing to parent Child. He did not avail himself to DHS services throughout the life of the case, his whereabouts were unknown, and he failed to complete any of his goals. In sum, Father has made

no attempts to perform any parental duties or work toward reunification with Child. We perceive no non-frivolous basis on which to challenge the sufficiency of the evidence to support the finding under subsection 2511(a)(1).

Under section 2511(b), the trial court must consider "the developmental, physical and emotional needs and welfare of the child" to determine if termination of parental rights is in the best interest of the child. **See** 23 Pa.C.S.A. § 2511(b). This inquiry involves assessment of "[i]ntangibles such as love, comfort, security, and stability[.]" **In re C.M.S.**, 884 A.2d 1284, 1287 (Pa.Super. 2005). The court must also examine the parent-child bond, "with utmost attention to the effect on the child of permanently severing that bond." **Id.** The court must also examine any pre-adoptive home and any bond between the child and the foster parents. **In re T.S.M.**, 71 A.3d at 268.

Here, the court found it was in Child's best interest to terminate Father's parental rights under section 2511(b). Trial Ct. Op. at 2. There was ample testimony that Child has no relationship with Father and no parental bond with him. In contrast, there was evidence that Child is thriving and strongly bonded to his foster family, who are eager to adopt him. We agree that the challenge to the finding under section 2511(b) is frivolous.

In sum, we find the issues raised in counsel's **Anders** brief are wholly frivolous. Further, after an independent review of the record, we conclude that no other, non-frivolous issue exists. Therefore, we grant counsel's motion to withdraw. Having determined the appeal is wholly frivolous, we affirm the decree terminating Father's parental rights. Because we affirm the termination

- 9 -

order, the appeal from the goal-change order is moot, and any appeal would be frivolous. *See Int. of A.M.*, 256 A.3d 1263, 1272-73 (Pa.Super. 2021) (finding issues regarding goal change moot in light of termination of parental rights); *see also In re D.K.W.*, 415 A.2d 69, 73 (Pa. 1980) (stating once parental rights are terminated, issues of custody and dependency under Juvenile Act are moot). We therefore dismiss that appeal.

Motion to withdraw as counsel granted. Decree affirmed at No. 2349 EDA 2022. Appeal dismissed at No. 2348 EDA 2022.

Judge McCaffery joins the memorandum.

Judge Dubow did not participate.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2023