J-S18045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                             :            PENNSYLVANIA
                             :
            v.                     :
                             :
                             :
MATTHEW THOMAS PRITT         :
                             :
           Appellant         :    No. 13 WDA 2025

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000097-2024

BEFORE: DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: JULY 30, 2025**

Appellant, Matthew Pritt, appeals from the judgment of sentence entered in the McKean County Court of Common Pleas on December 5, 2024. On appeal, he challenges the trial court's denial of his pre-sentence motion for judgment of acquittal. Appellant's counsel, Phillip L. Clabaugh, Esquire (hereinafter "Counsel"), has filed an **Anders**[1] brief and a petition to withdraw as counsel. After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The relevant facts and procedural history are as follows: Appellant was convicted in 2011 of one count unlawful contact with minors and one count obscene materials, for which he was subject to a period of registration for ten

---

[*] Former Justice specially assigned to the Superior Court.
[1] **Anders v. California**, 386 U.S. 738 (1967).

years under Megan's Law. Pre-sentence Motion, 10/4/24, at ¶ 3(i). Following a July 2013 incident, Appellant was convicted on November 7, 2013 of one count unlawful contact with a minor. *Id.* at ¶ 3(ii). At that time, he was classified as a sexually violent predator (SVP) and subject to lifetime registration requirements under the Sex Offender Registration Notification Act (SORNA I). *Id*. His requirements included that he notify the Pennsylvania State Police (PSP) within three days if he changes his residence, adds an additional residence, moves out of a previously registered residence, or fails to have a residence. N.T., 5/23/24, at 23.

Between November 28, 2023, and February 1, 2024, Appellant lived with his former girlfriend. *Id.* at 34. He neglected to register her address as an additional residence until January 9, 2024. *Id.* at 23. Appellant was charged with one count of failure to comply with registration requirements.[2] Appellant was found guilty after a jury trial on May 23, 2024. Appellant filed a timely pre-sentence motion for judgment of acquittal on October 4, 2024. The trial court denied the same on November 15, 2024. Appellant was sentenced on December 5, 2024 to five-and-a-half (5.5) to eleven (11) years of incarceration. Appellant filed a timely notice of appeal on December 31, 2024. Counsel for Appellant filed a 1925(b) statement on January 17, 2025.

---

[2] 18 Pa.C.S.A. § 4915.1(a)(1).

On February 26, 2025, this Court entered an order indicating that the brief for Appellant must be filed by April 7, 2025.

During the pendency of the briefing period, on March 26, 2025, Counsel filed with the trial court a 1925(c)(4) statement of intent to withdraw. Counsel filed a brief pursuant to **Anders** on March 28, 2025 to which Appellant filed an untimely *pro se* reply on May 19, 2025. This reply, construed by this Court as a motion, was denied as moot on June 25, 2025 because Appellant's Counsel failed to file a petition to withdraw at the time of filing his brief. Accordingly, we remanded this matter to the trial court and directed Counsel to either file a petition for leave to withdraw accompanying his **Anders** brief, or to file an advocate's brief. **Commonwealth v. Pritt**, No. 13 WDA 2025, 2025 WL 1755700 (June 25, 2025) (unpublished memorandum). On June 26, 2025, Counsel complied by filing a motion to withdraw as counsel. This appeal follows.

Prior to addressing the appeal, we must first resolve Counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional

- 3 -

arguments that the [appellant] deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in ***Santiago*** stated that an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d at 349, 361 (Pa. 2009). Counsel also must provide the appellant with a copy of the ***Anders*** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted).

Instantly, our review of Counsel's ***Anders*** brief reveals that its content satisfies the requirements of ***Anders***. Counsel's motion seeks to withdraw as counsel, concludes that the appeal is frivolous, and advises Appellant of his rights. Finally, a copy of the brief and petition to withdraw were furnished to Appellant with an attached letter accurately informing Appellant of his rights.

Accordingly, we grant Counsel's petition to withdraw and will address the merits of the appeal.

On appeal, Appellant wished to raise one issue challenging the trial court's denial of his pre-sentence motion for judgment of acquittal. *Anders'* Br. at 4. Specifically, Appellant was required to register under SORNA based on his prior convictions. His convictions predated the current version of the law, SORNA II, so he filed his motion arguing that the registration requirements imposed on him by SORNA II violated the *ex post facto* clause of the Pennsylvania and United States Constitutions. *Anders'* Br. at 15.

Our standard of review of Appellant's claim that the court erred in denying his motion for judgment of acquittal is as follows:

> A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge.

*Commonwealth v. Foster*, 33 A.3d 632, 634-35 (Pa. Super. 2011). Accordingly, we turn to our standard of review on challenges to the sufficiency of the evidence:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.

*Commonwealth v. Gibbs*, 981 A.2d 274, 280 (Pa. Super. 2009).

The Crimes Code defines failure to comply with registration requirements as follows:

> (a) An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to: (1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police)[.]

18 Pa.C.S.A. § 4915.1(a)(1). In other words, the Commonwealth was required to establish (1) that Appellant was required to register with PSP pursuant to Megan's Law, and (2) that Appellant knowingly failed to do so. *Id*.

Here, Appellant stipulated to the fact that he is an individual who was required to register with PSP pursuant to Megan's Law. N.T., 5/23/24, at 22-23 (stating "[B]oth sides[] agree to these things. The Defendant is an individual required to register with the Pennsylvania State Police in accordance with Pennsylvania's Megan's law."). It was stipulated that Appellant was required to notify PSP within three days if he changes his residence, adds an additional residence, moves out of a previously registered residence, or fails to have a residence. *Id.* at 23. Thus, the first element was established.

Next, we must determine if the Commonwealth presented sufficient evidence for the second element; that Appellant knowingly failed to register. Here, Appellant's former girlfriend, Beatrice Ives Conklin, testified that Appellant moved into her residence at 43 Foreman Street on or around November 28, 2023, which was when they started dating. Appellant told her he was locked out of his own apartment. *Id.* at 27. She stated that she allowed him to bring his personal belongings, that he slept in her bed with her, and

that he stayed at her residence every day and night until they broke up. *Id.* at 30-32. She testified that he moved out on February 1, 2024. *Id.* at 34. Thus, the evidence presented by the Commonwealth was sufficient to prove that Appellant resided at the address 43 Foreman Street between November 2023 and February 2024. It was also a stipulation of fact that Appellant waited until January 9, 2024 to register 43 Foreman Street as an address with PSP. N.T., 5/23/24, at 23. Thus, the Commonwealth proved that Appellant knowingly lived at 43 Foreman Street for nearly six weeks before he registered his address, failing to comply with his three-day requirement under Megan's Law. Accordingly, we find that the jury had sufficient evidence presented to them to convict Appellant of failure to comply with registration requirements.

We agree with Counsel that the claim presented in the *Anders* brief is wholly frivolous. However, after conducting a full examination of all the proceedings as required pursuant to *Anders*, we will discuss one additional issue on appeal.  Appellant's motion for judgment of acquittal does assert a constitutional challenge, stating, "The retroactive application of SORNA was an illegal ex post facto application of the law, and [] any subsequent conviction for failing to abide by those registration requirements was also illegal." Pre-sentence Motion, 10/4/24, at ¶ 5. As explained above, a motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge. *Foster, supra*. Accordingly, Appellant's motion for

judgment of acquittal was not the appropriate vehicle to raise constitutionality issues.

However, to the extent Appellant wished to bring this point to the Court's attention, the application of SORNA here was not an unconstitutional *ex post facto* application. In **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), the Pennsylvania Supreme Court stated that a penal law must be both retroactive and punitive to be deemed *ex post facto*.

> First, a court must ask when the initial offense was committed. Second, the court must ask whether the challenged law was enacted after the occurrence of the triggering offense and was then applied retroactively. If so, the final question is whether that retroactive law is punitive or increases the penalty for the existing crime.

**Commonwealth v. Santana**, 266 A.3d 528, 537 (Pa. 2021).

Appellant was sentenced in April 2014 and required to register under SORNA I for his November 7, 2013, convictions. The offense giving rise to those convictions was committed on or about July 8, 2013. Tr. Ct. Op. 11/15/24, at 2. SORNA I took effect December 20, 2012. The fact that SORNA and its registration requirements were in effect when Appellant committed the offense leading to his requirement to register is conclusive; there has been no *ex post facto* application of the law to Appellant. Further, the actions upon which Appellant's instant conviction under SORNA II were predicated occurred between November 2023 and January 2024. SORNA II took effect February 21, 2018. Because SORNA has never been retroactively applied to Appellant, we need not discuss the punitive prong of the *ex post facto* analysis.

As there are no non-frivolous issues to be raised on appeal, we therefore grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/30/2025